JUAN GONZÁLEZ, demandante y recurrido, *v*. DR. JECKSAN QUIÑONES, LA SOCIEDAD DE BIENES GANANCIALES compuesta por éste y su esposa, DR. OSCAR MUÑIZ ECHEVARRÍA y el FONDO DE COMPENSACIÓN AL PACIENTE, demandados y peticionarios.

*Número:* O-85-412     *Resuelto:* 15 de enero de 1986

---

[1] Mediante la cual se confirman las sentencias apeladas.
[2] Consistente la misma en el testimonio del armero.

*Gonzalo J. Barreras Varona* de *Abruña, Barreras, Cruz Ojeda & Morales,* abogado del peticionario; *Alfredo Cardona Álvarez,* abogado del recurrido.

SENTENCIA

El codemandado, Dr. Jecksan Quiñones, recurre de una resolución del Tribunal Superior, Sala de Mayagüez, en que se declaró sin lugar una solicitud de sentencia sumaria parcial.

El 11 de julio de 1985 emitimos la siguiente resolución, que en su parte pertinente dice:

> Tenga de plazo el demandante hasta el 29 de julio de 1985 para mostrar causa por la cual no debamos expedir el auto solicitado, dejar sin efecto la resolución recurrida y dictar la sentencia sumaria desestimatoria de la demanda.

La parte recurrida ha comparecido tardíamente a exponer su posición.

Los hechos pertinentes son los siguientes. El Sr. Juan González presentó demanda sobre daños y perjuicios contra el recurrente y otros por alegada impericia profesional médica. Sostuvo que el 3 de agosto de 1983 acudió a la oficina del Dr. Jecksan Quiñones para que le extrajeran una muela. Como resultado del tratamiento recibido, le provocó una fístula orocentral en la región de la molar maxilar número dos. Al no poder curar su condición, acudió al Dr. Orlando Ramírez de Arellano, quien lo refirió al codemandado Dr. Oscar Muñiz Echevarría.

El doctor Muñiz sometió al demandante a dos intervenciones quirúrgicas que no mejoraron su condición. Por ello, solicitó ante el foro judicial la concesión de daños físicos y angustias mentales ascendente a la suma de $30,000. Incluyó como partes codemandadas a la sociedad de bienes gananciales que tiene constituida el Dr. Jecksan Quiñones con su esposa y al Fondo de Compensación al Paciente.

El codemandado doctor Quiñones presentó una moción sobre sentencia sumaria que acompañó de una declaración jurada en que expuso que el demandante nunca ha sido su paciente; que en los récords de su consultorio no aparece nadie bajo ese nombre y que existe la posibilidad de que fuera atendido por su difunto hermano, Dr. Arnaldo Quiñones, quien era dentista con oficinas en el mismo edificio. El demandante se opuso mediante moción en la que expuso que existe una controversia real de hechos a saber, si el demandante fue o no paciente del codemandado y que la posición del demandado es muy cómoda por tener control absoluto de sus récords.

El codemandado solicitó una vez más del tribunal que dictara sentencia sumaria parcial a su favor por no haber controvertido el demandante los hechos mediante declaración jurada. El demandante a su vez arguyó que las alegaciones principales aparecen juramentadas en la demanda, por lo que sí existe controversia de hechos. El juez de instancia [1] declaró sin lugar la moción de sentencia sumaria, así como la reconsideración de esta determinación.

La sentencia sumaria es un vehículo procesal adecuado y apropiado en este caso y debió ser estimada. No existe una controversia real de hechos y la parte promovente tiene razón como cuestión de derecho. *Flores* v. *Municipio de Caguas*, 114 D.P.R. 521, 525 (1983); *Rivera Encarnación* v. *E.L.A.*, 113 D.P.R. 383, 386–387 (1982); *Housing Inv. Corp.* v. *Sosa*, 98 D.P.R. 247, 250 (1970). El demandante no controvirtió los hechos jurados presentados por el codemandado en apoyo a su moción de sentencia sumaria, sino que se limitó a formular una oposición sin declaraciones juradas, aduciendo la existencia de controversia por haber jurado la demanda. Es de notarse que en la demanda jurada no se asevera que el demandante fuese atendido por el demandado Dr. Jecksan Quiñones, sino que "se personó" a su oficina. No controvirtió, por tanto,

---

[1] Hon. Ángel S. Bonilla Rodríguez.

lo declarado bajo juramento por dicho demandado en apoyo de su moción. El recurrido no puede descansar meramente en aseveraciones generales contenidas en las alegaciones de la demanda aunque ésta sea jurada, sino que, a tenor con la Regla 36.5 de Procedimiento Civil está obligado a " 'demostrar que [tiene] prueba para sustanciar sus alegaciones' ". *Flores* v. *Municipio de Caguas*, 114 D.P.R. 521, 525 (1983); *Zachry International* v. *Tribunal Superior*, 104 D.P.R. 267, 270 (1975); *Lasanta Piñero* v. *Retto Inc.*, 100 D.P.R. 694, 699 (1972); *Valcourt Questell* v. *Tribunal Superior*, 89 D.P.R. 827, 833 (1964); *Cortés Piñeiro* v. *Sucn. A. Cortés*, 83 D.P.R. 685, 690 (1961). El promovido tenía el deber afirmativo de presentar prueba que sostenga la existencia de hechos controvertidos. *Palila* v. *Hawaii Dept. of Land & Natural Resources*, 639 F.2d 495, 497 (9no Cir. 1981).

Por lo expuesto se expide el auto solicitado y se dispone que vuelva el caso a la atención del tribunal de instancia para ulteriores trámites no incompatibles con lo aquí expresado. (2)

Así lo pronunció y manda el Tribunal y certifica el Secretario General Interino. El Juez Asociado Señor Rebollo López emitió voto disidente. El Juez Asociado Señor Ortiz Gustafson disintió sin opinión. El Juez Presidente Señor Pons Núñez no intervino.

(*Fdo.*) Heriberto Pérez Ruiz
*Secretario General Interino*

---

(2) En la resolución que emitiéramos el 11 de julio de 1985 requerimos del abogado del demandante, Lcdo. Alfredo Cardona Álvarez, que mostrara causa por la cual no deba desligarse de la representación profesional de su cliente e imponérsele sanción disciplinaria por haber servido como notario al juramentarse la demanda por el demandante, en violación de la norma de ética reconocida en *Pagán* v. *Rivera Burgos*, 113 D.P.R. 750, 752 (1983). Dicho abogado, aunque compareció cuando ya había expirado el plazo concedídole, ha ofrecido excusas por su inadvertencia al apartarse de dicha norma. Aceptamos sus excusas, limitando nuestra sanción a la advertencia de que sea en lo sucesivo más riguroso, tanto en la observancia de la ética profesional, como en su obligación de cumplir los términos que se le conceden. Dicho abogado deberá considerarse desligado de la representación profesional del demandante.

—O—

Voto disidente emitido por el Juez Asociado Señor Rebollo López.

No obstante contener la sentencia que emite el Tribunal en el presente caso un resumen jurídicamente correcto de los principios que gobiernan la concesión o no de una solicitud de sentencia sumaria, me veo obligado a disentir. Lo hago por cuanto entiendo que en el caso de autos precisamente existe una controversia de hechos sobre la identidad del cirujano dental que originalmente atendió al demandante; controversia que no debe ni puede ser dilucidada *exclusivamente* a base de prueba documental, o sea, a base de declaraciones y contradeclaraciones juradas de las partes.