# 99 DTA 139

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE SAN JUAN**

ROBERTO BORDEWYK
Apelante

v.

CARIBBEAN HOSPITAL CORPORATION CHC PROFESSIONAL SERVICES INC.;
MIGUEL A. SERPA PEREZ; VICTOR MERCADO; PEDRO GONZALEZ CRUZ
Apelados

Núm. KLAN-98-01139

San Juan, Puerto Rico, a 24 de marzo de 1999

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano
y los Jueces Aponte Jiménez y Giménez Muñoz

Giménez Muñoz, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Se solicita la revisión de la sentencia sumaria parcial emitida por el Tribunal de Primera Instancia el 7 de septiembre de 1998, la cual desestimó la causa de acción contra dos de los co-demandados, Víctor Mercado y Pedro González Cruz.

El 30 de diciembre de 1996 el apelante, Roberto Bordewyk, presentó demanda contra Caribbean Hospital Corporation (CHC); CHC Professional Services Inc., Miguel A. Serpa Pérez; Víctor Mercado y Pedro González

Cruz, en el Tribunal de Primera Instancia. Alegó la terminación de un contrato de servicios profesionales, de manera ilegal y negociaciones fraudulentas y de mala fe.

El señor Bordewyk es un doctor, especialista en medicina nuclear, que prestaba servicios profesionales en el Hospital Alejandro Otero López (HAOL) en Manatí, en virtud de un contrato de servicios con Caribbean Hospital Corporation (CHC). CHC administraba y operaba dicho hospital mediante un contrato con el Departamento de Salud del Estado Libre Asociado de Puerto Rico.

En 1 de julio de 1996 el Administrador Ejecutivo del Hospital Alejandro Otero López le envió una carta al doctor Bordewyk, indicándole que efectivo el 15 de julio de 1996 los servicios de medicina nuclear del Hospital serían ofrecidos a través de CHC Professional Services, Inc., (CPSI). En la carta se invitó al Dr. Bordewyk a discutir el asunto con el Dr. Ramón Ortiz Carrasquillo. Lo anterior conllevó la terminación del contrato médico entre ellos, el del Dr. Bordewyk y CHC. Al tratar de resolver la situación se le informó al peticionario que todo había sido un problema de comunicación y comenzaron negociaciones para celebrar un nuevo contrato. Se le envió al doctor Bordewyk un borrador del nuevo contrato el 30 de agosto de 1996, aprobada ésta por el señor Pedro J. González, Director Ejecutivo de CHC. Se preparó un segundo borrador de contrato del 1 de octubre de 1996 y CHC, mediante carta con fecha de 11 de octubre, reconoció que lo único que faltaba por acordarse era el aspecto económico aceptando las restantes cláusulas del contrato como aparecían en el borrador. Además, se había acordado celebrar una reunión ese mismo día para discutir la compensación económica que recibiría el doctor Bordewyk por sus servicios. Ese día, sin embargo, el señor Pedro J. González, alegó no tener autoridad para pactar ningún aspecto relacionado con su compensación. Indicó habría de transmitir los deseos del doctor Bordewyk.

Por último, alega el doctor Bordewyk que el señor Víctor Mercado, accionista y presidente de la corporación CHC al momento de ocurrir los hechos, intentó variar los acuerdos a los que ya se había llegado y, abruptamente, dio por terminadas las negociaciones. El doctor Bordewyk alega, además, que hubo fraude y mala fe en la contratación y el retiro injustificado de las negociaciones de parte de los co-demandados Víctor Mercado y Pedro González. Los párrafos 22 y 23 de la demanda rezan del siguiente modo:

*"22. Con tal manifestación de arbitrariedad, abuso de derecho, representaciones fraudulentas de González en relación con su autoridad para obligar a CHC y/o CPSI y/o HAOL, mala fe en la contratación y conducta culposa personal por parte de él y Mercado, esas partes efectivamente se retiraron injustificadamente de los tratos contractuales.*

*23. La resolución unilateral del contrato de servicios entre Bordewyk y CHC-HAOL, la suspensión de facto de sus privilegios en el HAOL, el retiro injustificado de los tratos contractuales y la conducta personal culposa de González y Mercado, le ha causado daños a éste que se estiman...".*

Los co-demandados, Víctor González y Pedro Mercado, solicitaron, mediante moción de sentencia sumaria, la desestimación de la causa de acción seguida contra ellos. Alegaron que ellos actuaron en capacidad representativa de la corporación y no en su capacidad personal. El Tribunal de Primera Instancia dictó Sentencia Sumaría Parcial desestimando la acción seguida en contra de los Señores Cruz y Mercado aduciendo que no se introdujo evidencia que justificara descorrer el velo corporativo para imponerles responsabilidad personal.

Inconforme con dicha determinación acude ante nos el apelante, Roberto Bordewyk, y solicita su revocación. Alega que el Tribunal de Primera Instancia incidió al resolver *"que la persona que actúa en representación de una corporación está exenta de su propia responsabilidad personal aunque la demanda se origine en los actos culposos o negligentes cometidos por esa persona"*. También señaló que erró el tribunal al

resolver *"que procede dictar sentencia sumaria a favor de unos demandados-promoventes que no establecieron ningún hecho incontrovertido que fuese material a la verdadera causa de pedir en su contra, ni se refutaron las alegaciones sobre los hechos de esa naturaleza aseverados en la demanda".*

## II

La sentencia sumaria está consagrada en la Regla 36 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III. Es un mecanismo que se utiliza para que se dicte sentencia sin necesidad de presentar prueba el día del juicio y el procedimiento consiste en exponer los hechos esenciales del caso que no estén en controversia. Como regla general, tiene el efecto de obligar a la otra parte a presentar documentos que controviertan los hechos presentados por la parte promovente de esta acción, aunque el mero hecho de no presentar documentos para controvertir los hechos no significa que procede la sentencia sumaria. *HMCA y Olivera Mariani v. Colón Carlo, Contralor,* 133 D.P.R. ___ (1993), **93 JTS 112**; *Tello Rivera v. Eastern Airlines,* 119 D.P.R. 83 (1987); *González v. Quiñones,* 116 D.P.R. 957 (1986); *PFZ Properties v. General Accident Insurance Co.,* 136 D.P.R. ___ (1994), **94 JTS 116**.

La sentencia sumaria procede solamente si cumple con dos requisitos; primero que no existan hechos en controversia y segundo, que como cuestión de derecho, proceda el que se dicte. *Pilot Life Insurance Company v. Crespo Martínez,* 136 D.P.R. ___ (1994), **94 JTS 104**. Además, la sentencia sumaria puede dictarse a favor de cualquiera de las partes, aunque fuera en contra de quien la solicitó, especialmente si se trata tan sólo de una cuestión de derecho. *Sistema Universitario Ana G. Méndez v. Consejo de Educación Superior,* 142 D.P.R. ___ (1997), **97 JTS 22.**

Procede dictar sentencia sumaria sólo cuando el tribunal tenga ante sí la verdad sobre todos los hechos pertinentes y cuando esté claro que la otra parte no tiene derecho a recobrar bajo cualquier circunstancia y ninguna de las alegaciones quedaron controvertidas por la prueba presentada en la oposición. Por ende, si las alegaciones quedan controvertidas o existen alegaciones afirmativas en la demanda que no hayan sido refutadas, se debe denegar la solicitud. *López Stubbe v. Lallande,* ___ D.P.R. ___ (1998), **98 JTS 9**; *Cuadrado Lugo v. Santiago Rodríguez,* 126 D.P.R. 272.

La sentencia sumaria sólo debe dictarse en casos claros y cualquier duda sobre si un hecho ha sido o no contradicho debe resolverse en contra de la parte promovente. *Piñero González v. Autoridad de Acueductos y Alcantarillados,* ___ D.P.R. ___ (1998), **98 JTS 140**. Al evaluar una moción de sentencia sumaria el tribunal deberá considerar no sólo los documentos que someta tanto la parte promovente como la parte promovida, si que también las que contienen los autos. *Mattei Nazario y otros v. Vélez & Asoc.,* **98 JTS 55.**

Por último, se ha determinado que la sentencia sumaria no debe ser utilizada en casos *"donde hay elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor credibilidad sea esencial".* *Soto v. Caribe Hilton,* 137 D.P.R. ___ (1994), **94 JTS 128**; *Marcial Burgos v. Tomé,* ___ D.P.R. ___ (1997), **97 JTS 146**.

El examen y análisis de los documentos unidos a la sentencia sumaria solicitada revelan que ésta, tal y como fuere presentada, es improcedente. Ello es así pues existen hechos que deben ser establecidas previamente, ya que se imputa mala fe, conducta culposa y fraudulenta. Así, vemos que las actuaciones de los demandados y la naturaleza de éstos, deben ser interpretados a la luz de los hechos. El análisis que hemos realizado de los documentos unidos a la sentencia sumaria no bastan para demostrar, en estos momentos, que no se tenga derecho a recobrar, bajo cualquier circunstancia o supuesto de derecho.

En el caso de autos la sentencia sumaria es improcedente cuando hay una genuina controversia sobre los

hechos materiales. Cuando existe duda sobre la existencia de una controversia sobre los hechos debe resolverse contra la parte proponente. *Audiovisual Language v. Natal Hermanos,* **97 JTS 147.**

La parte apelada indica que las corporaciones tienen su propia personalidad jurídica y su propio patrimonio de manera independiente y separada de sus accionistas. Por tanto, la responsabilidad de los accionistas por las deudas y obligaciones de la corporación está generalmente limitada al capital que éstos hayan aportado al patrimonio de la corporación. *D.A.C.O. v. Alturas de Florida Development Corp. y otro,* 132 D.P.R. ___ (1993), **93 JTS 33.**

Sin embargo, en *Escude Cruz v. Ortho Pharmaceutical Corp.,* 619 F.2d 902 (1980), fue resuelto que, de ordinario, el funcionario de una corporación es responsable de los hechos u omisiones dañosos que le sean personalmente imputables, estuviere o no actuando dentro del marco de sus facultades, pero es necesario demostrar alguna participación personal del funcionario demandado en alguna decisión o actuación que esté unida por relación de causalidad a la lesión sufrida por el demandante. Se expresa el Tribunal de la siguiente manera: *"The general rule, and the rule in this circuit, is that an officer of a corporation is liable for torts in which he personally participated, whether or not he was acting within the scope of his authority." Escude Cruz v. Ortho Pharmaceutical Corp., supra,* citando a *Lahr v. Adell Chemical Co.,* 300 F.2d 256, 260 1st. Cir. 1962).

Además, se ha dicho que la aplicación del principio de descorrer el velo corporativo *"dependerá de los hechos y las circunstancias específicas del caso particular a la luz de la prueba presentada." D.A.C.O. v. Alturas de Florida Development Corp. y otro,* 132 D.P.R. ___ (1993), **93 JTS 33.**

Al resolverse sobre este principio se expresó nuestro Tribunal Supremo en el sentido de que *"si en determinado caso se ha de prescindir de la ficción corporativa, ello depende de los hechos específicos de cada caso, a la luz de los principios generales arriba señalados, y ello debe ser resuelto por el Tribunal de Primera Instancia al considerar la prueba." Cruz v. Ramírez,* 75 D.P.R. 947 (1954).

Podemos apreciar que, bajo cualquier supuesto, es necesaria la presentación y apreciación de la prueba, para que el Tribunal de Primera Instancia conozca la naturaleza de las transacciones entre las partes. Notamos, además, que la declaración jurada presentada por la parte apelada en su moción de sentencia sumaria no excluye la posibilidad de que haya ocurrido un acto torticero como tampoco controvierte las alegaciones que a tal fin fueran formuladas.

Por las consideraciones anteriores se revoca la resolución apelada y se devuelve al Tribunal de Instancia para la continuación del caso.

Así lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General