CARMEN S. HERNÁNDEZ SÁNCHEZ y OTROS, demandantes y recurridos, *v.* BERMÚDEZ & LONGO, S.E., demandado y peticionario, CARIBBEAN CONSTRUCTION y OTROS, codemandados.

*Número:* CC-97-762          *Resuelto:* 14 de octubre de 1999

544

*Marcos Valls Sánchez*, abogado de la parte peticionaria; *Álvaro R. Calderón, Jr.* y *Juan R. Requena Dávila*, del *Bufete*

*Álvaro R. Calderón, Jr.*, abogado de la parte demandante y recurrida; *Fernando Barnés Rosich*, abogado de *Caribbean Contractors, Inc.*, codemandado y recurrido; *Adriana E. Pou Porrata-Doria*, abogada de *Bermúdez & Longo, S.E.*, codemandada y recurrida.

PER CURIAM:

I

Cecilio Díaz Cardona falleció el 21 de septiembre de 1995 mientras realizaba labores en un proyecto de construcción. Las paredes de la zanja en que trabajaba se derrumbaron, causándole un severo trauma corporal mortal. Díaz Cardona trabajaba para Bermúdez & Longo S.E. (en adelante Bermúdez & Longo), entidad que había sido subcontratada por Caribbean Construction Inc. (en adelante Caribbean) y ésta, a su vez, por la Autoridad de Carreteras de Puerto Rico (en adelante Autoridad), para la construcción de un proyecto en la avenida Muñoz Rivera, Municipio de San Juan.

Por tratarse de un accidente del trabajo y encontrarse Bermúdez & Longo asegurado por el Fondo del Seguro del Estado, esta agencia declaró compensable la muerte de Díaz Cardona y ordenó el pago de ciertas sumas de dinero a sus beneficiarios.

El 20 de junio de 1996, la viuda, Sra. Carmen S. Hernández Sánchez, e hijos de Díaz Cardona presentaron demanda en daños y perjuicios contra Bermúdez & Longo, Caribbean y la Autoridad. Alegaron que la muerte fue causada por la negligencia crasa y grave de Bermúdez & Longo al no adoptar medidas mínimas de seguridad para proteger la vida de sus empleados. Contra Caribbean y la Autoridad expusieron que, debido a su interés en adelantar los trabajos, fueron negligentes al no exigir cumplimiento de las normas de seguridad. Argumentaron que la conducta de las demandadas no estaba cobijada por la exclusividad de remedios estatuida en el Art. 20 de la Ley del

Sistema de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 21. En la alternativa, solicitaron sentencia declaratoria para decretar su inconstitucionalidad por hallarse en contravención con las disposiciones del Art. II, Sec. 16 de nuestra Constitución, L.P.R.A., Tomo 1.

En sus respectivas contestaciones, Bermúdez & Longo, Caribbean y la Autoridad presentaron la defensa de inmunidad patronal. Sobre el reclamo de inconstitucionalidad, el Estado Libre Asociado de Puerto Rico (en adelante E.L.A.), a través del Secretario de Justicia, mediante comparecencia especial planteó que no era totalmente necesario dilucidarlo bajo la normativa de que los tribunales debían abstenerse de abordar este tipo de controversia, si de los hechos surgía que el caso podía resolverse mediante análisis estatutario válido. Solicitó que se le relevara de comparecer hasta tanto fuera menester ventilar la cuestión constitucional, en cuyo momento, se le debía conceder término razonable para exponer su posición. Por su parte, Hernández Sánchez *et al.*, informaron no oponerse a dicho pedido.

Seguidamente, tanto Bermúdez & Longo como Caribbean solicitaron sentencia sumaria. Bermúdez & Longo señaló que gozaba de inmunidad patronal por ser patrono protegido; Caribbean señaló que era patrono estatutario, también protegido, como contratista del proyecto de construcción que subcontrató a Bermúdez & Longo para realizar el trabajo eléctrico.

Los demandantes Hernández Sánchez *et al.* se opusieron y argumentaron que, a base de cierta evidencia que tenían, podía entenderse que Bermúdez & Longo había incurrido en negligencia crasa, situación que a su juicio constituía una excepción a la inmunidad patronal. En contra, Caribbean argumentó que la única excepción a la inmunidad patronal era demostrar que el accidente o la lesión fue intencional. La Autoridad cuestionó la jurisdicción del Tri-

bunal de Primera Instancia por tratarse de un accidente del trabajo compensable.

Oportunamente, dicho foro (Hon. Gloria M. Iagrossi, Juez), denegó la sentencia sumaria "por entender que existe controversia real sobre los hechos y el Tribunal tendría que entrar en una vista en sus méritos". Inconforme, Bermúdez & Longo presentó *certiorari* ante el Tribunal de Circuito de Apelaciones.

En oposición al recurso, los demandantes Hernández Sánchez *et al.* expusieron que al momento del accidente, por su grado de inclinación y humedad del terreno, las paredes de la zanja donde trabajaba Díaz Cardona necesitaban protección contra derrumbe. Además, que había llovido la noche anterior y el día del accidente, y que las vibraciones que producían los vehículos que por allí transitaban eran lo suficientemente fuertes para ayudar al movimiento de la tierra. Ante estos factores, sostuvieron que era evidente que, tarde o temprano, las paredes de la excavación colapsarían, y que siendo Bermúdez & Longo compañía de gran experiencia, no podía imputarse desconocimiento de esa gran probabilidad. Abogaron por que la actitud de Bermúdez & Longo equivalía a una negligencia crasa que debía considerarse como "acto intencional", por lo cual no aplicaba la inmunidad patronal.

Por su parte, Bermúdez & Longo reiteró que no existía controversia de hechos y que la negligencia crasa era solamente un grado de negligencia que no constituía una excepción a la inmunidad patronal.

El Tribunal de Circuito de Apelaciones denegó el recurso y ordenó la continuación del caso en el tribunal de instancia. En *certiorari* ante nos, Bermúdez & Longo reproduce su petición. Revisamos.

## II

■ Desde que fue aprobada la Ley del Sistema de Compensaciones por Accidentes del Trabajo, cuando un empleado sufre lesiones, enfermedades, se inutiliza o pierde la vida como consecuencia de "cualquier acto o función inherente a su trabajo" (2 L.P.R.A. sec. 2) —y su patrono está asegurado de acuerdo con la ley— su derecho a obtener resarcimiento se limita a la compensación dispuesta, la cual es administrada a través del Fondo del Seguro del Estado. 11 L.P.R.A. secs. 2 y 21. "El obrero así lesionado carece de una causa de acción para demandar a su patrono ante los tribunales de justicia por los daños y perjuicios sufridos, *irrespectivamente del grado de negligencia patronal que pueda haber mediado." Santiago Hodge v. Parke Davis Co.*, 126 D.P.R. 1, 8 (1990).

■ Reiteradamente hemos decidido que bajo nuestro estado de derecho no existe duda de que la exclusividad del remedio establecida en el Art. 20 de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, *supra,* es de carácter absoluto. *Admor. F.S.E. v. Flores Hnos. Cement Prods.*, 107 D.P.R. 789, 792 (1978); *Cruz Rodríguez v. A.A.A.*, 101 D.P.R. 269, 270 (1973); *B.C.R. Co., Inc. v. Tribunal Superior*, 100 D.P.R. 754, 758 (1972); *Vda. de Andino v. A.F.F.*, 93 D.P.R. 170, 181 (1966). Desde *Cortijo Walker v. Fuentes Fluviales*, 91 D.P.R. 574, 580 (1964), advertimos un "definitivo criterio del Legislador de no conceder acción general de daños por concepto alguno contra el patrono *cualquiera que fueren sus actuaciones en la esfera aquiliana y el grado de culpa o negligencia ...".*(¹) Así también, en *Ruiz Díaz v. Vargas Reyes*, 109 D.P.R. 761, 764

---

(¹) La variación de la norma legislativa conllevaría abrir ante el Fondo del Seguro del Estado, Comisión Industrial y, oportunamente, a escrutinio judicial, posibles defensas tales como negligencia comparada del obrero, negligencia de sus compañeros de trabajo, etc. A la postre, podría derrotarse su propósito primario, a saber, compensar al obrero o sus beneficiarios prontamente, sin entrar a evaluar tales defensas y las complicaciones litigiosas que ello acarrea.

(1980), sentenciamos que la exclusividad del remedio está declarada en la ley "al ordenar que siempre que el patrono asegure sus obreros y empleados, el derecho a compensación provisto en el estatuto será el *único remedio en contra del patrono*". (Énfasis en el original.)

No obstante, por excepción, la exclusividad de remedio no aplica a lesiones del obrero producidas *intencionalmente* por el patrono. En esa situación, pueden reclamar civilmente por daños y perjuicios para obtener resarcimiento. *Soc. de Gananciales v. Royal Bank de P.R.*, 145 D.P.R. 178 (1998); *Odriozola v. S. Cosmetic Dist. Corp.*, 116 D.P.R. 485, 501 (1985).

## III

En el caso ante nos, los demandantes Hernández Sánchez *et als.*, alegaron que la conducta de Bermúdez & Longo fue de negligencia crasa al no proveer un lugar seguro de trabajo. Sostuvieron que violó las normas básicas de seguridad establecidas tanto por agencias locales como federales, en abierto menosprecio a la vida y seguridad de sus empleados, e incurrió en violaciones catalogadas como "serias" según la Oficina de Seguridad y Salud en el Trabajo del Departamento del Trabajo y Recursos Humanos.

Aun asumiendo como ciertas las alegaciones, éstas sólo podrían configurar conducta crasamente negligente que no constituye excepción a la inmunidad patronal. El cuadro fáctico de este lamentable y trágico accidente dista mucho de presentar el elemento intencional. El solo incumplimiento por un patrono asegurado de la obligación legal impuesta por la Ley de Seguridad y Salud en el Trabajo, de mantener condiciones seguras de empleo, no autoriza causa de acción alguna a favor de los obreros por un accidente de trabajo, ni afecta la inmunidad patronal. *Vda. de Costas v. P.R. Olefins*, 107 D.P.R. 782 (1978). No existe alegación alguna de que Ber-

múdez & Longo haya ocasionado intencionalmente el accidente que cobró la vida de Díaz Cardona. Por esta razón el único remedio disponible es el provisto por el Fondo.

## IV

■ Procede sentencia sumaria, cuando el tribunal tiene ante sí la verdad sobre todos los hechos pertinentes y no existe verdadera controversia fáctica entre las partes. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 D.P.R. 881 (1994); *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 D.P.R. 115 (1992); *Méndez Arocho v. El Vocero de P.R.*, 130 D.P.R. 867 (1992); *M.J.C.A., menor v. J.L.E.M., menor*, 124 D.P.R. 910 (1989); *Tello, Rivera v. Eastern Airlines*, 119 D.P.R. 83 (1987); *González v. Quiñones*, 116 D.P.R. 957 (1986); *Flores v. Municipio de Caguas*, 114 D.P.R. 521 (1983).

Según indicáramos, las alegaciones de los demandantes Hernández Sánchez *et al.* no señalaban *actos intencionales específicos* de parte del demandado Bermúdez & Longo, sino la sola equiparación —vía argumentación— de que la alegada negligencia crasa fue conducta intencional. Se trata de una cuestión de derecho abordable a través de la sentencia sumaria.

*Incidió el tribunal de instancia al negar la sentencia sumaria. Por iguales fundamentos, se revoca la sentencia confirmatoria del Tribunal de Circuito de Apelaciones. En su lugar, se dictará sentencia conforme a lo expuesto. Continuarán en el Tribunal de Primera Instancia los procedimientos sobre la alegada inconstitucionalidad del remedio exclusivo dispuesto por ley.*

El Juez Asociado Señor Fuster Berlingeri disintió sin opinión escrita.