# 2004 DTA 137

RECEIVED

JAN 0 5 2005

SERIALS DEPARTMENT
HARVARD LAW SCHOOL LIBRARY

## TRIBUNAL DE CIRCUITO DE APELACIONES
## REGIÓN JUDICIAL DE CAROLINA

MARCELO FRANCO VILLEGAS Y SUS PADRES ENRIQUE FRANCO Y AQUILINA VILLEGAS
Recurridos

v.

ATKINSON STRUCTURAL, INC., ASTON ATKINSON POR SÍ Y EN REPRESENTACIÓN DE LA
SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR ÉSTE Y
FULANA DE TAL, COMPAÑÍAS ASEGURADORAS A, B Y C
Demandados

ASTON ATKINSON
Peticionario

Núm. KLCE-04-00910

San Juan, Puerto Rico, a 8 de septiembre de 2004

Panel integrado por su Presidente, el Juez Brau Ramírez,
el Juez Colón Birriel y la Juez Hernández Torres

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCIÓN

### I

La corporación peticionaria Atkinson Structural, Inc. ("*Atkinson Structural*"), es una corporación organizada bajo las leyes del Estado Libre Asociado de Puerto Rico, dedicada a la construcción. El peticionario Aston Atkinson es el presidente o dueño de Atkinson Structural.

La presente controversia está relacionada a un accidente del trabajo sufrido por el recurrido Marcelo Franco Villegas el 20 de febrero de 2003, mientras se desempeñaba como empleado de Atkinson Structural, haciendo trabajos de construcción en un proyecto en Quebrada Negrita, Trujillo Alto.

En esa fecha, el peticionario Aston Atkinson estaba operando una grúa cuando dicha maquinaria hizo un giro repentino hacia donde estaba el recurrido. La grúa impactó al recurrido y lo dejó pillado contra una sección de la torre de la grúa. Según el recurrido, *"la referida grúa tenía un desperfecto conocido por el demandado Sr. Aston Atkinson de que, en ocasiones, la palanca de la misma se quedaba atascada y la grúa se quedaba girando descontroladamente".*

Como consecuencia del accidente, el recurrido sufrió serias lesiones. Fue llevado de emergencia al Hospital Industrial en Río Piedras, donde permaneció más de cincuenta días. Durante este tiempo, llegó a estar en coma y en estado crítico.

El 4 de junio de 2003, el recurrido, en unión a sus padres, instó la presente demanda por daños y perjuicios contra Atkinson Structural y el Sr. Atkinson ante el Tribunal de Primera Instancia, Sala Superior de Carolina, solicitando compensación por los daños sufridos.

Oportunamente, los recurridos presentaron una moción de desestimación. Alegaron que los recurridos carecían de causa de acción, porque se trataba de un accidente del trabajo y los recurridos estaban cobijados por la inmunidad patronal establecida por la Ley del Sistema de Compensaciones por Accidentes del Trabajo, 11 L. P.R.A. sec. 21. Junto con su moción, la parte peticionaria acompañó varios documentos del Fondo del Seguro del Estado relacionados a la póliza adquirida para el recurrido y el accidente. Aunque en la póliza en cuestión se

identificaba al Sr. Atkinson como el patrono, en otros documentos se expresaba que el patrono era Atkinson Structural.

Los recurridos se opusieron a la moción de desestimación. En su moción, los recurridos señalaron que estaban demandando al Sr. Atkinson en su carácter de coempleado de la compañía, basado en sus actos de negligencia, y no en su carácter de dueño.

El 17 de octubre de 2003, el Tribunal de Primera Instancia emitió una resolución en la que indicaba que la demanda sería desestimada contra *"el patrono asegurado"*. El Tribunal, sin embargo, no emitió sentencia parcial alguna. El récord sugiere que, a base de los documentos sometidos, el Tribunal de Primera Instancia no estaba seguro si el patrono del recurrido era Atkinson Structural o el Sr. Atkinson. Ese mismo día, el Tribunal ordenó a los peticionarios que aclararan quién era el patrono asegurado.

Posteriormente, los recurridos enviaron a los peticionarios un interrogatorio y requerimiento de producción de documentos. Estos solicitaron al Tribunal una orden protectora, insistiendo en que los recurridos carecían de causa de acción contra ellos, debido a la existencia de inmunidad patronal. Los recurridos se opusieron señalando que el Sr. Atkinson no era el patrono del recurrido, sino Atkinson Structural.

El 12 de marzo de 2004, el Tribunal denegó la solicitud de orden protectora, observando que Aston Atkinson no era el patrono asegurado. Los peticionarios solicitaron reconsideración, alegando que el Sr. Atkinson también era un patrono asegurado, según surgía de la póliza. Solicitaron, además, la desestimación total del litigio.

Luego de otros trámites, el 2 de junio de 2003, el Tribunal de Primera Instancia denegó la moción de reconsideración de los peticionarios.

Insatisfechos, éstos acudieron ante este Tribunal.

## II

En su recurso, los peticionarios plantean que el Tribunal de Primera Instancia erró al resolver que el codemandado Aston Atkinson no era un patrono asegurado y al no desestimar la demanda en su totalidad.

Según se conoce, la referida Ley del Sistema de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. secs. 1 y ss., establece un esquema de seguro compulsorio dirigido a proveerle a los obreros que sufren alguna lesión o enfermedad que ocurra en el curso del trabajo y como consecuencia del mismo, un remedio rápido y eficiente libre de las complejidades de una reclamación ordinaria en daños. *Sevilla et als. v. Mun. de Toa Alta et als.,* 159 D.P.R. ___ (2003), **2003 J.T.S. 112**, a la pág. 1,180; *Pacheco Pietri y otros v. E.L.A. y otros,* 133 D.P.R. 907, 914-915 (1993). Véase, además, *Cátala v. F.S.E.,* 148 D.P.R. 94, 99 (1999); *Martínez v. Bristol Myers, Inc.,* 147 D.P.R. 383, 394 (1999); *Soc. de Gananciales v. Royal Bank de P.R.,* 145 D.P.R. 178, 194 (1998); *Agrón Pérez v. F.S.E.,* 142 D.P.R. 573, 576-577 (1997).

Entre otros beneficios, la Ley provee asistencia médica y compensación por incapacidades transitorias, permanentes, parciales o totales, así como por incapacidades preexistentes que se agravan o casos de muerte. 11 L.P.R.A. sec. 3; véase, *Guzmán y otros v. E.L.A.,* 156 D.P.R. ___ (2002), **2002 J.T.S. 65**, a las págs. 1067-8.

Estos beneficios no dependen de que el obrero establezca la existencia de negligencia en la ocurrencia de su lesión. *Lebrón Bonilla v. E.L.A.,* 155 D.P.R. ___ (2001), **2001 J.T.S. 150**, a la pág. 313; *Soc. de Gananciales v. Royal Bank de P.R.,* 145 D.P.R. a la pág. 194; *Hurtado v. Osuna,* 138 D.P.R. 801, 805; *Pacheco Pietri y otros v. E.L.A. y otros,* 133 D.P.R. a las págs. 914-915.

Los beneficios bajo la Ley del Sistema de Compensaciones por Accidentes del Trabajo son el remedio exclusivo con el que cuenta el obrero accidentado. El Art. 18 de la Ley provee inmunidad a favor de todo patrono asegurado con respecto a demandas de sus empleados en reclamación de resarcimiento por daños sufridos como consecuencia de un accidente cubierto por la Ley. 11 L.P.R.A. sec. 21.

Debe demostrarse que el patrono efectivamente está asegurado. Cuando el patrono no cuenta con un seguro, el obrero puede presentar una reclamación en su contra por daños y perjuicios. *Marrero v. Caribbean Hosp. Corp. Et al,* 156 D.P.R. ___ (2002), **2002 J.T.S. 35,** a la pág. 812; *Vega v. Emp. Tito Castro, Inc.,* 152 D.P.R. ___ (2000), **2000 J.T.S. 153,** a la pág. 142.

El patrono asegurado tiene inmunidad absoluta respecto a tales reclamaciones. El obrero lesionado no tiene causa de acción para demandar a su patrono por los daños y perjuicios sufridos, no importa el grado de negligencia que haya mediado por parte del patrono. *Toro, Nieves v. Policía de P.R.,* 159 D.P.R. ___ (2003), **2003 J.T.S. 72,** a la pág. 941; *Guzmán y otros v. De Jesús,* 155 D.P.R. ___ (2001), **2001 J.T.S. 141,** a la pág. 218; *Hernández v. Bermúdez & Longo, S.E.,* 149 D.P.R. 543, 549 (1999); *Cátala v. F.S.E.,* 148 D.P.R. a las págs. 99-100; *Soc. de Gananciales v. Royal Bank de P.R.,* 145 D.P.R. a la pág. 194.

Dicha inmunidad no es meramente una defensa afirmativa, sino que se trata de inexistencia de causa de acción para demandar al patrono asegurado. *Admor. F.S.E. v. Flores Hnos. Cement Prods.,* 107 D.P.R. 789, 794 (1978). Se exceptúan de la inmunidad, los casos en que el obrero sufra lesiones no cubiertas por la Ley, porque su patrono no está asegurado, o que surjan como consecuencia de las acciones intencionales del patrono o de las acciones de un tercero. Véanse, 11 L.P.R.A. secs. 16, 17 y 32 de la Ley. Véanse, además, respectivamente, *Sevilla et als. v. Mun. de Toa Alta et als.,* **2003 J.T.S. 112,** a la pág. 1,183; *Hernández Sánchez v. Bermúdez & Longo, S.E.,* 149 D.P.R. a la pág. 549; *Martínez v. Bristol Myers, Inc.,* 147 D.P.R. a la pág. 397; *Soc. de Gananciales v. Royal Bank de P.R.,* 145 D.P.R. a las págs. 195-196; *Rodríguez_Torres v. Aut. Edif. Púbs.,* 141 D.P.R. 362, 365-366 (1996).

Se considera tercero, desde este punto de vista, a toda persona que no sea el patrono y su empleado, incluyendo a los directores, oficiales, accionistas, administradores o co-empleados de la compañía, siempre y cuando se trate de actos negligentes y torticeros cometidos en su carácter personal y no dentro de los deberes generales de su cargo. *Guzmán y otros v. E.L.A.,* **2002 J.T.S. 65,** a las págs. 1072-3; *Guzmán y otros v. De Jesús,* **2001 J.T.S. 141,** a las págs. 219-220; *Rivera, et al. v. Superior Pkg., Inc. et al.,* 132 D.P.R. 115, 142 (1992); *López Rodríguez v. Delama,* 102 D.P.R. 254, 258 (1974).

El oficial, agente o empleado, será responsable por los daños sufridos por el empleado cuando el acto negligente causante de los mismos sea distinto e independiente del deber del patrono de proveer un lugar seguro de empleo. La responsabilidad del co-empleado está limitada a sus deberes u obligaciones personales como ciudadano de no causar daño a otras personas conforme al Art. 1802 del código civil, 31 L.P.R.A. 4151, y no en el descargo de los deberes generales de su puesto o cargo oficial que ocupa en el negocio del patrono. *Guzmán y otros v. E.L.A.,* **2002 J.T.S. 65,** a las págs. 1072-3; *Pacheco Pietri y otros v. E.L.A. y otros,* 133 D.P.R. a la pág. 920; *Rivera, et al. v. Superior Pkg., Inc. et al.,* 132 D.P.R. a la pág. 142.

En el caso de autos, los peticionarios plantean que el Tribunal de Primera Instancia erró al no desestimar en su totalidad la demanda, por carecer el recurrido de causa de acción, ya que se trata de un accidente del trabajo y los peticionarios gozan de inmunidad patronal bajo el Art. 18 de la citada Ley del Sistema de Compensaciones por Accidentes del Trabajo.

La moción de desestimación de los peticionarios debe ser considerada como una de sentencia sumaria, ya que la misma incorpora materias no contenidas en las alegaciones de la demanda de los recurridos. Véase la Regla 10.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 10.2; *Sánchez v. Aut. de los Puertos,* 153 D.P.

R. ___ (2001), **2001 J.T.S. 34**, a la pág. 967; *Luán Invest. v. Rexach Const. Co.,* 152 D.P.R. ___ (2000), **2000 J. T.S. 196**, a la pág. 552; *Torres Capeles v. Rivera Alejandro,* 143 D.P.R. 300, 309 (1997).

El Tribunal Supremo de Puerto Rico ha aclarado que el propósito principal de la sentencia sumaria es propiciar la resolución justa, rápida y económica de litigios que no presentan controversias genuinas de hechos materiales, por lo que no se justifica la celebración de un juicio en su fondo. *P.A.C. v. E.L.A. I,* 150 D.P.R. 359, 374 (2000); *Piñero v. A.A.A.,* 146 D.P.R. 890, 904 (1998); *Soc. de Gananciales v. Vélez & Asoc.,* 145 D.P.R. 508, 526 (1998); *Soto v. Rivera,* 144 D.P.R. 500, 518 (1997); *Tello, Rivera v. Eastern Airlines,* 119 D.P.R. 83, 86 (1987); *Corp. Presiding Bishop CJC of LDS v. Purcell,* 117 D.P.R. 714, 720 (1986).

El Tribunal Supremo de Puerto Rico ha advertido, sin embargo, que la sentencia sumaria sólo procede en casos claros cuando el Tribunal tiene ante sí la verdad sobre todos los hechos pertinentes y no hace falta una vista evidenciaria. *Rivera v. Dpto. de Hacienda,* 149 D.P.R. 141, 154-155 (1999); *J.A.D.M. v. Centro Com. Plaza Carolina,* 132 D.P.R. 785, 802 (1993).

Si existen dudas sobre la procedencia de la sentencia sumaria, el Tribunal debe brindar a las partes la oportunidad de una vista evidenciaria. Véanse, *S.L.G. v. S.L.G.,* 150 D.P.R. 171, 193 (2000); *Rivera v. Depto. de Hacienda,* 149 D.P.R. a la pág. 158; *Bonilla Medina v. P.N.P.,* 140 D.P.R. 294, 304 (1996); *Rivera et al. v. Superior Pkg., Inc., et al.,* 132 D.P.R. a la pág. 133.

La determinación de disponer de un pleito mediante este mecanismo es una que está confiada a la discreción del foro de primera instancia. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.,* 136 D.P.R. 881, 914 (1994).

Al hacer su evaluación, el Tribunal debe considerar la totalidad de las alegaciones y documentos que obren en el récord, los cuales se toman de la manera más favorable a la parte promovida. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.,* 136 D.P.R. a la pág. 913; *Corp. Presiding Bishop of LDS v. Purcell,* 117 D.P.R. a las págs. 721-723; *Flores v. Municipio de Caguas,* 114 D.P.R. 521, 525 (1983); *Padín v. Rossi,* 100 D.P.R. 259, 263-264 (1971).

El peso para demostrar que no existe controversia real sustancial sobre los hechos materiales recae sobre la parte que solicita la sentencia sumaria. *Soto v. Rivera,* 144 D.P.R. a la pág. 518; *Pilot Life Ins. Co. v. Crespo Martínez,* 136 D.P.R. 624, 632 (1994). El sólo hecho de no presentar evidencia que contravierta la presentada por la parte promovente no implica que necesariamente proceda la sentencia sumaria. *Jusino et als. v. Walgreens,* 155 D.P.R. ___ (2001), **2001 J.T.S. 154**, a la pág. 373; *PFZ Props, Inc. v. Gen. Acc. Ins. Co.,* 136 D.P.R. a la pág. 913.

Tiene que haber quedado demostrado que la parte promovida no tiene derecho alguno bajo cualquier circunstancia discernible de las alegaciones que no hayan sido refutadas. *Asoc. Pesc. Pta. Figueras v. Pto. del Rey,* 155 D.P.R. ___ (2002), **2002 J.T.S. 4**, a la pág. 583; *García Rivera et al. v. Enríquez,* 153 D.P.R. ___ (2001), **2001 J.T.S. 15**, a la pág. 820.

La moción debe ser evaluada de la forma más favorable a la parte que se opone a la solicitud de sentencia sumaria y toda inferencia que se haga a base de los hechos y documentos presentados, debe ser interpretada de manera favorable a dicha parte. *Mgmt. Adm. Serv. Corp. v. E.L.A.,* 152 D.P.R. ___ (2000), **2000 J.T.S. 189**, a las págs. 440-441.

Al dictar una sentencia sumaria, el tribunal: (1) analizará los documentos que acompañan la moción solicitando sentencia sumaria y los documentos incluidos con la moción de oposición y aquéllos que obren en el expediente del tribunal; (2) determinará si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. El tribunal no debe

dictar sentencia sumaria cuando: (1) existen hechos materiales no controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción, una controversia real sobre algún hecho material; o (4) como cuestión de derecho, no procede. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.,* 136 D.P.R. a la pág. 913.

El Tribunal Supremo de Puerto Rico también ha advertido que no debe desestimarse sumariamente una demanda sin brindar a la parte demandante una oportunidad adecuada de concluir su descubrimiento y de refutar la moción de sentencia sumaria. *García Rivera et al. v. Enriquez,* 2001 J.T.S. 15, a la pág. 820; *Pérez v. El Vocero de P.R.,* 149 D.P.R. 427, 447 (1999); *Medina v. M.S. & D. Química P.R., Inc.,* 135 D.P.R. 716, 733 (1994).

En el presente caso, según hemos visto, el Tribunal de Primera Instancia acogió la moción de los peticionarios, expresando que habría de desestimar la demanda contra el patrono asegurado. El Tribunal, sin embargo, entendió que el patrono del recurrido lo era Atkinson Structural y se negó a desestimar la acción contra el Sr. Atkinson.

Los peticionarios plantean que dicha determinación fue claramente errónea, porque la póliza expedida por el Fondo aparecía a nombre del Sr. Atkinson. No estamos en posición de concluir que el Tribunal de Primera Instancia hubiera abusado de su discreción, en esta etapa, al negarse a desestimar la demanda.

Lo cierto es que los documentos presentados por la parte peticionaria no son del todo claros en torno a la cuestión de quién era el patrono del recurrido. Aunque en algunos documentos del Fondo, incluyendo el certificado de la póliza, se menciona al Sr. Atkinson como el patrono, en otros se expresa que el patrono era Atkinson Structural.

Ante esta incertidumbre, entendemos que no procedía desestimar la demanda, en esta etapa. Cabe señalar que, en su demanda, los recurridos imputaron que el accidente se produjo por la negligencia del Sr. Atkinson, quien manejaba la grúa al momento de ocurrir la lesión. No se imputa a dicha parte la violación de un deber general como parte de sus funciones, sino una conducta culposa específica. De no resultar cobijado por la inmunidad patronal, las alegaciones de la demanda exponen una reclamación contra el Sr. Atkinson, autorizada por la Ley de Compensaciones por Accidentes del Trabajo. *Guzmán y otros v. E.L.A.,* 2002 J.T.S. 65, a las págs. 1072-3; *Pacheco Pietri y otros v. E.L.A. y otros,* 133 D.P.R. a la pág. 920; *Rivera, et al. v. Superior Pkg., Inc. et al,* 132 D.P.R. a la pág. 142.

Entendemos que, en esta etapa del procedimiento, los recurridos deben tener la oportunidad de conducir el descubrimiento de prueba necesario para aclarar la información sobre la cubierta de seguro patronal invocada por los peticionarios. Compárese, *García Rivera et al. v. Enriquez,* 2001 J.T.S. 15, a las págs. 820-821; véase, además, *Pérez v. El Vocero de P.R.,* 149 D.P.R. a la pág. 447; *Medina v. M.S. & D. Química P.R., Inc.,* 135 D. P.R. a la pág. 733.

Los peticionarios plantean que la determinación del Tribunal de Primera Instancia de que el verdadero patrono asegurado es Atkinson Structural, no está sostenida por la evidencia.

La decisión del Tribunal de Primera Instancia constituye un dictamen meramente interlocutorio que no adjudica con finalidad el asunto en cuestión. Véase, *U.S. Fire Ins. Co. v. A.E.E.,* 151 D.P.R. ___ (2000), 2000 J.T.S. 146, a la pág. 92; *De Jesús v. Corp. Azucarera de P.R.,* 145 D.P.R. 899, 905 (1998); *Díaz v. Navieras de P.R.,* 118 D.P.R. 297, 301-302 (1987). El Tribunal de Primera Instancia no ha emitido dictamen final específico alguno sobre esta cuestión y puede reconsiderar su decisión en cualquier momento antes de la terminación del litigio, según lo autoriza la Regla 43.5 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.5; *Torres Cruz v. Municipio de San Juan,* 103 D.P.R. 217, 222 (1975).

La Regla 40 del Reglamento de este Tribunal dispone expresamente que al considerar la expedición de un auto discrecional de *certiorari,* este Tribunal debe considerar *"[s]i el asunto planteado exige consideración más detenida a la luz de ... alegatos más elaborados", "[s]i la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración" y "[s]i la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio".* **2004 J.T.S. 112,** a las págs. 1319-20. La redacción de dicho precepto sugiere que tales criterios son mandatorios. *Negrón v. Srio. de Justicia,* 154 D.P.R. ___ (2001), **2001 J.T.S. 66,** a las págs. 1199-1200.

La aplicación de dichos preceptos a la situación de autos nos persuade a no pronunciarnos en esta etapa sobre los méritos de la controversia en cuestión.

Por los fundamentos expresados, se deniega el auto solicitado.

Lo pronunció el Tribunal y lo certifica la señora Secretaria General.

<div align="right">

Aida Ileana Oquendo Graulau
Secretaria General