Rosario Evelina López Rodríguez, demandante y recurrente, *v.* Antonio Delama, Trans–Oceanic Insurance Co., demandados y recurridos.

Número: R-72-363      Resuelto: 14 de mayo de 1974

*Carlos Colón Marchand,* abogado de la recurrente; *Max Olivera Mariani,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Para la fecha en que ocurrieron los hechos que dieron margen a esta reclamación, el patrono asegurado, Café Beaumont, Inc., ([1]) operaba un bar llamado "Kalahari". Este negocio era co-administrado por el co-demandado, quien era

---

([1]) En la póliza de seguro emitida por el Fondo del Seguro del Estado se designa a Eutiquiano Gómez Velarde y/o Café Beaumont, Inc., como patrono asegurado. El Sr. Gómez Velarde es presidente de la referida corporación.

tesorero y accionista de Café Beaumont, Inc. La recurrente trabajaba de camarera en el "Kalahari". Todas las noches, al cerrar el negocio el Sr. Delama por iniciativa del patrono, Beaumont, Inc., conducía a su hogar a la recurrente en un automóvil de su propiedad. El 26 de febrero de 1970, en el trayecto hacia la residencia de la demandante el Sr. Delama perdió el control de su automóvil, impactando otros vehículos estacionados. En ese momento el Sr. Delama conducía su vehículo por la Avenida Piñeiro a 60 millas por hora aproximadamente, a pesar de que el pavimento se encontraba mojado. Como consecuencia del accidente, la recurrente sufrió los siguientes daños según determinó el juez de instancia: ". . . golpes en distintas partes del cuerpo, fractura de la clavícula izquierda y una laceración (requirió tratamiento de avulsión) en el muslo izquierdo de 6 x 5 centímetros, y estuvo hospitalizada por seis días."

El patrono no informó el accidente al Fondo del Seguro del Estado. La demandante se limitó a radicar la presente acción contra el conductor del vehículo y su compañía aseguradora.

■ Si bien es verdad que, como regla general, "aquellos accidentes del trabajo ocurridos mientras el obrero va de su casa al trabajo y del trabajo a su casa no son compensables" *Gallart, Admor.* v. *Comisión Industrial*, 87 D.P.R. 17 (1962), la jurisprudencia ha reconocido varias excepciones a esa norma, entre ellas, cuando el patrono provee la transportación, *Gallart*, supra.

El tribunal de instancia fundándose en lo resuelto en *Gallart* v. *Comisión Industrial*, supra, determinó que el accidente era uno ocurrido en el curso del empleo, pero amparándose en lo dispuesto en el Art. 20 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 21, que establece que "cuando el patrono asegure sus obreros y empleados de acuerdo con el presente Capítulo, el derecho aquí establecido

para obtener compensación será el único remedio en contra del patrono . . .", declaró sin lugar la demanda radicada.

La parte recurrente alega que el tribunal cometió error al "resolver que la inmunidad de un patrono bajo la Ley de Compensaciones por Accidentes del Trabajo es extensiva a un oficial de la corporación por sus acciones de negligencia personal . . . ." y al "resolver que la compañía aseguradora del demandado le cubre la inmunidad del patrono del demandado."

■ La controversia que presenta este caso es si se debe hacer extensiva la inmunidad que confiere la Ley de Compensaciones por Accidentes del Trabajo a oficiales, administradores o co-empleados del patrono asegurado y a las compañías que aseguran éstos. La Ley de Compensaciones por Accidentes del Trabajo autoriza a los empleados u obreros lesionados en el curso de su empleo a demandar directamente a terceros responsables de sus lesiones. A estos efectos, el Art. 31 de la Ley dispone: (11 L.P.R.A. sec. 32)

"En los casos en que la lesión, enfermedad profesional o la muerte que dan derecho de compensación al obrero, empleado o sus beneficiarios, de acuerdo con esta ley, le hubiere provenido bajo circunstancias que hicieren responsables a tercero de tal lesión, enfermedad o muerte, el obrero o empleado lesionado o sus beneficiarios podrán reclamar y obtener daños y perjuicios del tercero responsable de dicha lesión, enfermedad o muerte dentro del año subsiguiente a la fecha en que fuere firme la resolución del caso por el Administrador del Fondo del Seguro del Estado, y éste podrá subrogarse en los derechos del obrero, empleado o sus beneficiarios para entablar la misma acción en la forma siguiente: . . . ."

Bajo la anterior disposición, el obrero o empleado lesionado tiene elección de remedios. Puede reclamar al Fondo, o puede renunciar sus derechos en el Fondo y reclamar directamente al tercero responsable de sus lesiones, o puede hacer ambas siempre que no haya subrogación de parte del Administrador del Fondo y transcurran 90 días desde que la decisión

administrativa sea final y ejecutoria. *Gallart, Admor.* v. *Banco Popular,* 91 D.P.R. 818 (1965).

■ Aunque no existe unanimidad de criterio, la doctrina prevaleciente sostiene que la inmunidad que le confiere el estatuto al patrono asegurado no se extiende a los directores, oficiales, accionistas, administradores o co-empleados de dicho patrono. *Boudreaux* v. *Falco,* 215 So.2d 538 (La. App. 1968); *Witherspoon* v. *Salm,* 237 N.E.2d 116 (Ind. 1968); *Morrow* v. *Hume,* 3 N.E.2d 39 (1936); *U.S. Fire Ins. Co.* v. *McCormick,* 243 So.2d 367 (Ala. 1970). Anotación, *Right to Maintain Direct Action Against Fellow Employee for Injury or Death Covered by Workmen's Compensation,* 21 A.L.R.3d 845 (1968). Véanse Larson, *Workmen's Compensation Law,* Vol. 2, Sec. 72.50, pág. 179 (1970); Schneider, *Workmen's Compensation Text,* Vol. 3, pág. 212 (1943) y Davis, C.: *Workmen's Compensation—Using an Enterprise Theory of Employment To Determine Who Is a Third Party Tort-Feasor,* 32 U. Pitt. L. Rev. 289, 302 (1971). En ausencia de expresión legislativa sobre el significado del vocablo "terceras personas" usado en el Art. 31 de la Ley, debemos conferirle su significado usual asumiendo que incluye a toda persona aparte del empleado lesionado y su patrono asegurado. La razón de ser de la inmunidad conferida por el estatuto estriba en el hecho de que la ley establece un sistema de compensaciones por accidentes del trabajo mediante el cual el obrero recibe compensación independientemente de quién sea responsable del accidente. Se ha considerado que es razonable y justo que en reciprocidad se le otorgue inmunidad al patrono, sobre quién recae el peso económico del sistema, mediante el pago de cuotas anuales. Pero ciertamente no hay justificación en extender la inmunidad que confiere la ley a directores, oficiales u otros empleados del patrono asegurado que no contribuyen personalmente para sufragar los gastos del Fondo cuando éstos han incurrido en negligencia y han causado daños

a otros empleados. *Kimbro* v. *Holladay*, 154 So. 368 (1934);
*Merchants Mut. Cas. Co.* v. *Tuttle*, 101 A.2d 262 (1953);
*Churchill* v. *Stephens*, 102 A. 657 (1917). Como expone Larson en la obra antes citada a la pág. 226.3:

"Es cierto que se puede hacer un argumento teórico para justificar, por ejemplo, extender la inmunidad a co-empleados, como se ha indicado anteriormente. Pero este tipo de argumento se torna superficial al colocarse ante las realidades prácticas envueltas en este tipo de pleito. Con excepción de uno u otro pleito contra un director corporativo, la mayoría de los pleitos contra co-empleados no valen la pena a no ser que éstos estén asegurados contra responsabilidad pública. Si un empleado es lesionado por la negligencia en el manejo del automóvil de otro empleado, la verdadera interrogante es si se va a permitir a la compañía aseguradora del co-empleado negligente a disfrutar de un enriquecimiento injusto, a expensas del empleado lesionado, levantando la defensa del remedio exclusivo. Visto desde esa perspectiva, parece haber poca justificación para extender la inmunidad más allá del patrono en sí, quien es el que asume la responsabilidad real o potencial de indemnizar a su empleado mediante el pago de las primas." (Traducción nuestra.)

A la luz de la doctrina expuesta, es evidente que la inmunidad que le confiere la ley a Café Beaumont, Inc., patrono asegurado, no se extiende al Sr. Delama por ser éste un mero co-empleado gerencial.([2]) Siendo éste responsable, responde también su compañía aseguradora. En su alegato la parte recurrida alega que en virtud de una cláusula de exclusión en la póliza de seguros, la compañía no responde por este tipo de accidentes. Dicha cláusula dispone:

"Esta póliza no aplica bajo la Parte I:
(a) ...
(b) ...
(c) ...
(d) ...
(e) a lesiones corporales a cualquier empleado del asegu-

---

([2]) De la evidencia en autos se desprende que el Sr. Delama percibía un sueldo de $4,815.00 anual como co-administrador del negocio.

rado que surja de y en el curso de (1) empleo doméstico, si beneficios para ello son en todo o en parte pagaderos o a proveerse bajo cualquier ley de compensación por accidentes del trabajo, ó (2) cualquier otro empleo."

Como hemos visto, la recurrente no era empleada del asegurado por lo que esta exclusión no es aplicable.

En virtud de lo expuesto, *se revocará la sentencia dictada por el Tribunal Superior y se dictará otra declarando con lugar la demanda condenando a los demandados recurridos a satisfacer a la demandante $6,000.00 por los sufrimientos físicos y mentales menos $1,000.00 de exención según dispone la Ley Núm. 138 de 1968, Ley de Protección Social por Accidentes de Automóviles, 9 L.P.R.A. secs. 2051 et seq.*