JOSÉ M. ALONSO GARCÍA, en su carácter de ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, *Ex Rel.* SERAFÍN RODRÍGUEZ ROMERO, demandantes, *v.* FLORES HERMANOS CEMENT PRODUCTS, INC., ETC., y OTROS, demandados; PICHETO FLORES CONSTRUCTION CORP., y CNA INSURANCE COMPANY, terceras demandantes y peticionarias, *v.* GREAT AMERICAN INSURANCE COMPANY, tercera demandada y recurrida.

*Número:* O-78-158 *Resuelto:* 24 de octubre de 1978

*Cancio & Cancio,* abogados de las peticionarias; *Calderón, Rosa Silva & Vargas* y *Harry Anduze Montaño,* abogados de Great American Insurance Co.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

El recurso plantea la siguiente interrogante: ¿puede la aseguradora de un patrono cubierto por el Fondo del Seguro del Estado levantar exitosamente como defensa la inmunidad de éste contra acciones consagrada en el Art. 20 de la Ley[1] cuando es traída como tercera demandada por quien el obrero lesionado le ha reclamado responsabilidad? Su contestación exige una breve referencia a los hechos no contradichos.

Mientras Serafín Rodríguez Romero iba de pasajero en un vehículo conducido por otra persona, propiedad del Municipio de Mayagüez—asegurado por la Great American Insurance Co.—ocurrió una colisión con otro vehículo perteneciente a Picheto Flores Construction Corp., asegurado por CNA Ins. Co. Por tratarse de un accidente del trabajo, y estar el Municipio asegurado con el Fondo, Rodríguez Romero recibió tratamiento. Subsiguientemente el Administrador del Fondo del Seguro del Estado formuló demanda de subrogación y además acción en representación del obrero contra Pi-

---

[1] Reza:

"Cuando el patrono asegure sus obreros y empleados de acuerdo con el presente Capítulo, *el derecho aquí establecido para obtener compensación será el único remedio en contra* del patrono . . . ." (11 L.P.R.A. sec. 21.) (Bastardillas nuestras.)

cheto y la CNA Ins. Co. A su vez, éstos radicaron demanda de tercero contra la Great American Insurance Co. solicitando resarcimiento de la indemnización parcial o total que en su día vinieran obligados a satisfacer al Fondo y al obrero.

Great American Insurance Co. solicitó la desestimación de esta acción aduciendo que la póliza expedida no cubría la reclamación por ser el Municipio un patrono asegurado inmune a la misma. La ilustrada sala sentenciadora acogió el planteamiento y dictó sentencia parcial desestimatoria. Acordamos examinar dicho dictamen.

## I

■ Bajo el estado actual del derecho vigente no existe duda de que la exclusividad de remedio establecida en el Art. 20, *supra,* es una de carácter absoluto que crea una inmunidad legal en favor de un patrono asegurado contra el ejercicio de cualquier otra acción; en otras palabras, no existe causa de acción alguna. *Cruz Rodríguez* v. *A.A.A.,* 101 D.P.R. 269, 270 (1973); *B.C.R. Co., Inc.* v. *Tribunal Superior,* 100 D.P.R. 754, 758 (1972); *Vda. de Andino* v. *A.F.F.,* 93 D.P.R. 170, 181 (1966); *Cortijo Walker* v. *A.F.F.,* 91 D.P.R. 574, 578 (1964); *Montes* v. *F.S.E.,* 87 D.P.R. 199, 208 (1963); *Báez Vega* v. *E.L.A.,* 87 D.P.R. 67, 76 (1963); y *De Jesús* v. *Osorio,* 65 D.P.R. 640, 642 (1946).

■ Como corolario de esta doctrina, es evidente que el Municipio de Mayagüez no podía ser directamente demandado por el obrero lesionado, ello irrespectivo de que el chófer municipal pudiera haber incurrido en negligencia en ocasión del accidente. Además de esta premisa, cabe mencionar que tampoco podía indirectamente reclamarse al Municipio—a través de la demanda de tercero—si la causa de acción nació precisamente de la alegada negligencia del conductor del patrono asegurado. A tal efecto, en *Cortijo Walker,* supra, advertimos

un ". . . definitivo criterio del Legislador de no conceder acción general de daños por concepto alguno contra el patrono cualquiera que fueren sus actuaciones en la esfera aquiliana y el grado de culpa o negligencia . . . ." (Pág. 580.) A tal solución llegamos independientemente de que en dicho caso se invocaron las teorías de *contribución o indemnización.*

Sin embargo, la parte recurrente nos argumenta la inaplicabilidad de la anterior doctrina sosteniendo la procedencia de su causa de acción bajo las disposiciones del Código de Seguros que permiten una acción directa (Arts. 20.010 y 20.030). Nos señalan que no se trata de imponer responsabilidad alguna al Municipio, sino a su compañía aseguradora, la cual está impedida de levantar la "defensa personal" de patrono asegurado que le corresponde a dicha municipalidad.

El argumento y los casos citados en su apoyo no nos convencen. Veamos. *Trigo* v. *The Travelers Ins. Co.*, 91 D.P.R. 868 (1965), reconoce el alcance de las disposiciones del Código de Seguros antes mencionado—instauradoras de una causa de acción sustantiva y directa contra el asegurador—y decide que no estaba prescrita la acción contra la aseguradora por haber sido interrumpido el término mediante requerimientos extrajudiciales. De inmediato se manifiestan las siguientes diferencias: (1) la situación de aquel caso es distinta al que nos ocupa en el cual *a priori* y de manera *absoluta* estatutoriamente se ha decretado que no existe causa de acción alguna contra un patrono asegurado; y (2) tanto en *Trigo*, supra, como en *García* v. *Northern Assurance Co.*, 92 D.P.R. 245 (1965)—falta de notificación a un municipio dentro del término de 90 días—existían en potencia unas causas de acciones válidas que podían incoarse directamente contra los asegurados causantes de los daños. Nuestra decisión en *López Rodríguez* v. *Delama*, 102 D.P.R. 254 (1974)—estableciendo

que la inmunidad de una entidad corporativa (patrono asegurado) bajo el Art. 20 no se extiende a los directores, oficiales, accionistas, administradores o co-empleados, ni a las compañías aseguradoras de éstos—tampoco robustece la tesis de los recurrentes pues como variante fundamental, en el de autos se demanda al asegurador de un patrono que goza de una absoluta inmunidad y ha sufragado los gastos del Fondo.

Para resumir, incorporamos a la presente el siguiente razonamiento de la ilustrada sala de instancia:

"No se trata en el caso ante nuestra consideración de una *defensa* que pudiera levantar el asegurado y que, por consiguiente, esté impedida de derivar beneficio de ella la compañía aseguradora. Se trata, por el contrario, en el presente caso de la *inexistencia* de una causa de acción contra el Municipio asegurado. Por imperativo del arte de razonar correctamente—lógica —debemos concluir que no existiendo una causa de acción ejercitable contra el Municipio, *no puede venir a responder una aseguradora por lo que en derecho es inexistente.* El contrato de seguros no se puede extender para cubrir una responsabilidad que no tiene el asegurado." (Bastardillas nuestras.)

No nos persuaden las proposiciones de los recurrentes en el sentido de que la solución apuntada implicaría un enriquecimiento injusto favorable a la compañía aseguradora—que no contribuye nada al Fondo—a expensas del perjudicado; y de que no "sería razonable, ante tal situación de negligencia concurrente, que uno solo de los co-causantes y su aseguradora tuvieran que asumir el ciento por ciento de la pérdida bajo la doctrina de responsabilidad solidaria . . . ." Primeramente, debemos recordar que el ". . . Legislador hizo su selección entre factores de conveniencia y aplicó un sistema social integrado de responsabilidad objetiva", que en última instancia beneficia al obrero proveyéndole gratuitamente tratamiento y servicios médicos y compensación pecuniaria en

casos de accidentes, sin que entren en juego conceptos de culpa o negligencia de su parte. En segundo lugar, se trata de una ley especial que se rige por reglas particulares. Una decisión en contra de los recurrentes sólo les obligaría a satisfacer una indemnización proporcional a su negligencia conforme el siguiente pronunciamiento:

"No podía ser aquí el patrono un codemandado directo, ni respondería de manera indirecta como un tercero demandado, ni podría la demandada resarcirse luego del patrono como un colaborador con ella del daño. La inmunidad contra responsabilidad en daños de un patrono asegurado, por su culpa, *es absoluta* bajo el plan integral de funcionamiento de la ley que provee compensación por el accidente del trabajo.

En consecuencia a lo expuesto, rigiéndose este caso por *ley especial en ese aspecto, a la demandada debe imponérsele la obligación de resarcir el daño solo en proporción a su propia culpa y al grado en que colaboró a producirlo.*" (Bastardillas nuestras.) —*Vda. de Andino,* supra, 181, seguido en *Rosario Crespo* v. *A.F.F.,* 94 D.P.R. 834, 849 (1967).

Finalmente, estamos conscientes de que las pólizas de seguros de automóviles se expiden a base de unas primas que pagan los asegurados fijadas sobre estudios fundados en la experiencia actual de riesgos y pérdidas habidas. La aplicación de una cubierta([2]) en virtud de una decisión en contrario afectará adversamente a patronos asegurados y plantearía serias interrogantes. Desconocido este impacto, como dijimos en *Cortijo Walker,* supra, "[n]o vamos a abrirle una grieta al sistema compensatorio mediante una 'excepción jurisprudencial' y en todo caso preferiblemente que se manifieste el Legislador." 584.

---

([2]) No hemos considerado, por no ser evidencia admitida en autos, la alegación de que la póliza expedida por la recurrida excluye accidentes compensables bajo la Ley de Compensaciones por Accidentes del Trabajo.

## II

 Tienen razón los recurrentes en cuanto a que no procedía en las circunstancias del caso la imposición de $500.00 de honorarios de abogado. La demanda de tercero fue iniciada a base de un fundamento jurídico razonable, no pautado previamente en nuestra jurisdicción. Este hecho, unido a que el asunto fue resuelto sin ventilarse el caso en sus méritos, justifica que dejemos sin efecto tal condena. (3)

*Se dictará la correspondiente sentencia.*

---

(3) La propia expedición del auto de *certiorari* por este foro robustece esta conclusión.