EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Miguel A. Guzmán Acevedo y otros<br>        Recurridos<br><br>                 v.<br><br>Javier De Jesús Rivera;<br>Universal Insurance Company<br>     Peticionario el último | Certiorari<br><br>2001 TSPR 135<br><br>155 DPR _____ |

Número del Caso: CC-2000-390


Fecha: 16/octubre/2001


Tribunal de Circuito de Apelaciones:
                                Circuito Regional II


Juez Ponente:
                        Hon. Zaida Hernández Torres


Abogado de la Parte Peticionaria:
                        Lcdo. Ricardo P. de La Villa


Abogado de la Parte Recurrida:
                        Lcdo. Angel Marrero Figarella


Materia: Daños y Perjuicios


        Este documento constituye un documento oficial del Tribunal Supremo que está
        sujeto a los cambios y correcciones del proceso de compilación y publicación
        oficial de las decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Miguel A. Guzmán Acevedo y Otros

    Recurridos

       v.                            CC-2000-390        Certiorari

Javier De Jesús Rivera;
Universal Insurance Company

    Peticionario el último

Opinión del Tribunal emitida por el Juez Asociado SEÑOR CORRADA DEL RÍO

San Juan, Puerto Rico, a 16 de octubre de 2001.

El Sr. Miguel A. Guzmán Acevedo (en lo sucesivo "el demandante") es empleado del Municipio de Bayamón (en lo sucesivo "el Municipio"). El 13 de septiembre de 1996, se cayó de la parte posterior de una camioneta de cajón abierto marca Chevrolet del año 1989, propiedad del Municipio. Ello, mientras ejercía sus labores de recogido de basura. Al momento del accidente, el Sr. Javier De Jesús Rivera, también empleado del Municipio, conducía la camioneta. Alegadamente, el demandante sufrió daños físicos tales como fractura en la clavícula izquierda, traumas en la mano derecha,

nervios pinchados y fuertes dolores de espalda, entre otros, razón por la cual acudió al Fondo del Seguro del Estado (en lo sucesivo "el Fondo") en donde recibió el tratamiento correspondiente.

Surge del expediente que el Fondo no se subrogó en los derechos del empleado [demandante] para reclamarle al tercero responsable, en virtud del artículo 31 de la Ley Núm. 45 de 18 de abril de 1935, según enmendada, conocida como Ley del Sistema de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 32. Ante este hecho, el demandante, su esposa la Sra. Carmen M. Torres Hernández y la Sociedad Legal de Gananciales por ambos constituida incoaron pleito en daños y perjuicios contra el Sr. De Jesús —el "tercero" responsable de sus lesiones— y contra Universal Insurance Corp. (en lo sucesivo "Universal"), la aseguradora del Municipio.

Universal contestó la demanda y solicitó que se dictara sentencia sumaria a su favor, en virtud de la inmunidad patronal que concede el artículo 20 de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 21. Posteriormente, el Sr. De Jesús compareció adoptando por referencia y en su totalidad la contestación a la demanda presentada por Universal.[1]

Tras varios trámites procesales, el 8 de abril de 1999, el Tribunal de Primera Instancia desestimó la demanda con respecto a Universal. Concluyó que la póliza en cuestión excluye expresamente los accidentes como el de autos en su sección II(B) (3), (4) y (5), por lo que la reclamación del Sr. De Jesús no estaba cubierta. Dicha sección establece lo siguiente:

SECTION II - LIABILITY COVERAGE

A. ....

B. EXCLUSIONS

This insurance does not apply to any of the following:

1. ....

2. ....

3. WORKERS COMPENSATION

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers compensation, disability benefits or unemployment compensation law or any similar law.

4. EMPLOYEE INDEMNIFICATION AND EMPLOYER'S LIABILITY

"Bodily injury" to:

---

[1] Cabe señalar que, para esta fecha, el Lic. Ricardo J. Cacho Rodríguez era el representante legal del Sr. De Jesús y de Universal. Luego, a solicitud de Universal, renunció a la representación legal de ambos, a lo cual el Tribunal accedió.

a. An employee of the "insured" arising out of and in the course of employment by the "insured;" or
b. The spouse, child, parent, brother or sister of that employee as a consequence of paragraph a. above.

This exclusion applies:

(1)   Whether the "insured" may be liable as an employer or in any other capacity; and

(2)   To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic employees not entitled to workers compensation benefits or to liability assumed by the "insured" under an "insured contract."

5. FELLOW EMPLOYEE

"Bodily injury" to any fellow employee of the "insured" arising out of and in the course of the fellow employee's employment.

Posteriormente, el tribunal de instancia emitió sentencia decretando el archivo del caso por desistimiento del demandante, por falta de diligenciamiento del emplazamiento al co-demandado Sr. De Jesús. Por último, mediante orden de 30 de julio de 1999, le impuso al Lic. Valéry López Torres, abogado del demandante, cincuenta dólares ($50.00) como sanción por alegada violación a los Cánones de Ética Profesional, 4 L.P.R.A. Ap. IX.

Inconforme, el demandante presentó escrito de apelación ante el Tribunal de Circuito de Apelaciones. Mediante sentencia de 29 de marzo de 2000, el foro apelativo revocó el dictamen del tribunal de instancia. Concluyó, que el Sr. De Jesús es un asegurado adicional bajo el *omnibus clause* o cláusula colectiva que aparece en la sección II(A) (1) de la póliza en cuestión, la cual lee como sigue:

A.   COVERAGE
....

1. WHO IS AN INSURED
   The following are "insureds:"
   a. You for any covered "auto."
   b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

   (1) The owner or anyone else from whom you hire or borrow a covered "auto." This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.
   (2) Your employee if the covered "auto" is owned by that employee or a member of his or her household.
   (3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing or parking "autos" unless that business is yours.
   (4) Anyone other than your employees, partners, a lessee or borrower or any of their employees, while moving property to or from a covered "auto".
   (5) A partner of yours for a covered "auto" owned by him or her or a member of his or her household.

   c.   Anyone else who is not otherwise excluded underparagraph b. above and is liable for the conduct of an "insured" but only to the extent of that liability.

Entendió, además, que "[n]o siendo De Jesús el patrono de Guzmán [el demandante], la aseguradora le debe representación legal a su asegurado adicional (De Jesús) y protección de responsabilidad pública hasta los límites de la

póliza."[2] Resolvió que no procedía desestimar la acción por falta de diligenciamiento del emplazamiento, por cuanto el Sr. De Jesús se sometió voluntariamente a la jurisdicción del tribunal. Finalmente, dejó sin efecto la sanción contra el Lic. Valéry López Torres por entender que "no está claro porqué se le impuso."[3]

Por no estar de acuerdo con el dictamen del tribunal apelativo, Universal compareció ante nos mediante petición de certiorari. Señaló como errores los siguientes:

> "1. [e]rró el Honorable Tribunal de Circuito de Apelaciones al hacer caso omiso al planteamiento del aquí compareciente de que la realidad jurídica en este caso es que el demandante es un obrero cubierto por la Ley del Fondo del Seguro del Estado, el cual recibió compensación por este [sic] y no tiene causa de acción contra su patrono ni la compañía de seguros del mismo.
>
> 2. Erró en adición el Tribunal de Circuito de Apelaciones, al aplicar la cláusula de asegurado adicional de la póliza del vehículo del Municipio e interpretar bajo ese análisis que el co-empleado que provocó el daño es un tercero para efectos de dicha cláusula y tratar a la Universal Insurance Company, aseguradora del Municipio, como si fuera la aseguradora del empleado clasificado como tercero para extender cubierta al accidente de marras."

Mediante resolución de 9 de junio de 2000, expedimos auto de certiorari. A petición de Universal, acogimos dicho recurso como su alegato. Posteriormente, el demandante-recurrido presentó su alegato, por lo cual procedemos a resolver.

---

[2] Sentencia del Tribunal de Circuito de Apelaciones, Apéndice, p. 10.

[3] *Íd.*, p. 11.

I

Por estar estrechamente relacionados entre sí, discutiremos ambos errores en conjunto.

El artículo 20 de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, *supra*, establece lo siguiente con respecto a la inmunidad patronal:

"[c]uando el patrono asegure sus obreros y empleados de acuerdo con el presente Capítulo, el derecho aquí establecido para obtener compensación será el único remedio en contra del patrono, aun en aquellos casos en que se haya otorgado el máximo de las compensaciones o beneficios de acuerdo con el mismo...."

Sobre el particular, este Tribunal ha resuelto que "[b]ajo el estado actual del derecho vigente no existe duda de que la exclusividad de remedio establecida en el Art. 20, *supra*, es una de carácter absoluto que crea una inmunidad legal en favor de un patrono asegurado contra el ejercicio de cualquier otra acción; en otras palabras, no existe causa de acción alguna." (Citas omitidas.) *Admor. F.S.E. v. Flores Hnos. Cement Prods.,* 107 D.P.R. 789, 792 (1978). Véase, además, *Torres Solís v. A.E.E.,* 136 D.P.R. 302, 308 (1994).

Así, también, en *Martínez Rodríguez v. Bristol Myers Barceloneta, Inc.*, res. el 26 de enero de 1999, 99 T.S.P.R. 6, 99 J.T.S. 5, p. 482, señalamos que el patrono asegurado goza de inmunidad frente a acciones civiles de daños y perjuicios que los empleados lesionados presenten en su contra, irrespectivamente de si el patrono fue o no negligente.[4]

Allí mismo, citando a *Lugo Sánchez v. A.F.F.*, 105 D.P.R. 861, 867 (1977), expresamos que, bajo ningún concepto, un patrono se considerará un tercero causante del daño, precisamente, porque la ley lo dispensa de la obligación de asegurar y por ser éste una parte regulada por el esquema de seguro exclusivo compulsorio.[5]

Cuando la lesión, enfermedad o muerte del obrero es producto de los actos de un tercero, la Ley del Sistema de Compensaciones por Accidentes del Trabajo, *supra*, no exime de responsabilidad civil al causante del daño, quien es ajeno a la relación patrono-obrero.

El artículo 31 de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, *supra*, le concede al empleado el derecho a reclamarle al tercero

---

[4] Sin embargo, hemos reconocido que, como excepción a la doctrina de inmunidad patronal, el patrono responde cuando el daño se produce por actos intencionales del patrono. *Laureano Pérez v. Soto*, 141 D.P.R. 77 (1996).

[5] No obstante lo anterior, hemos resuelto que el patrono puede convertirse en un tercero, en los casos en que éste posea una "segunda personalidad" totalmente independiente a su capacidad como patrono. *Laureano Pérez v. Soto*, supra.

responsable los daños y perjuicios producto de la lesión, enfermedad profesional o muerte. A esos efectos dispone:

> "[e]n los casos en que la lesión, enfermedad profesional o la muerte que dan derecho de compensación al obrero, empleado o sus beneficiarios, de acuerdo con este Capítulo, le hubiere provenido bajo circunstancias que hicieren responsables a [un] tercero de tal lesión, enfermedad o muerte, el obrero o empleado lesionado o sus beneficiarios podrán reclamar y obtener daños y perjuicios del tercero responsable de dicha lesión, enfermedad o muerte dentro del año subsiguiente a la fecha en que fuere firme la resolución del caso por el Administrador del Fondo del Seguro del Estado, y éste podrá subrogarse en los derechos del obrero, empleado o sus beneficiarios para entablar la misma acción en la forma siguiente:
>
> Cuando...el Fondo del Seguro del Estado, de acuerdo con los términos de este Capítulo, estuviere obligado a compensar en alguna forma, o a proporcionar tratamiento, el Administrador del Fondo del Seguro del Estado se subrogará en los derechos del obrero o empleado, o de sus beneficiarios, y podrá entablar procedimientos en contra del tercero en nombre del obrero o empleado, o de sus beneficiarios....
>
> Si el Administrador dejare de entablar demanda contra la tercera persona responsable, según se ha expresado en el párrafo anterior, el obrero o empleado, o sus beneficiarios quedarán en libertad completa para entablar tal demanda en su beneficio, sin que vengan obligados a resarcir al Fondo del Seguro del Estado por los gastos incurridos en el caso."

Es decir, el Administrador del Fondo –en subrogación de los derechos del obrero– o, en su defecto, el obrero lesionado pueden reclamarle judicialmente al tercero causante del daño. Veamos, pues, quiénes son los terceros a los que se refiere el artículo 31 de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, *supra*.

En ausencia de expresión legislativa, en *López Rodríguez v. Delama*, 102 D.P.R. 254, 258 (1974), definimos tercero como "toda persona aparte del empleado lesionado y su patrono asegurado".[6]

En *López Rodríguez v. Delama*, supra, el demandado (Sr. Delama), a solicitud de su patrono, transportaba todas las noches a la demandante (una camarera) a su hogar en su vehículo personal. Una de esas noches, el Sr. Delama perdió el control del volante mientras conducía a exceso de velocidad. Como resultado, impactó a otros vehículos, ocasionándole daños a la demandante. Ésta demandó al Sr. Delama y a su compañía aseguradora en daños y perjuicios.

Allí, resolvimos que la inmunidad patronal no se extiende a los directores, oficiales, accionistas, administradores o coempleados del patrono asegurado ni a sus compañías aseguradoras, si éstos incurrieron en negligencia. Es decir, a tenor de la norma establecida en *López Rodríguez v. Delama*, supra, un empleado lesionado tiene una causa de acción en daños y perjuicios contra un coempleado,

---

[6] Véase, además, Lugo Sánchez v. A.F.F., supra, pp. 866-867; Martínez Rodríguez v. Bristol Myers Barceloneta, Inc., supra, p. 486.

como resultado de los actos negligentes y torticeros que este último cometió en su carácter personal.

Sobre el particular, en *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 D.P.R. 115 (1992), aclaramos que lo resuelto en *López Rodríguez v. Delama*, supra, no aplica cuando la alegada negligencia del coempleado surge en el desempeño de los deberes generales de su cargo. A esos efectos, expresamos:

> "[c]laramente, en *López Rodríguez v. Delama*, ante, no había ninguna justificación para extender la inmunidad patronal al coempleado, *ya que sus actos negligentes no estaban relacionados con sus funciones o deberes corporativos.* Su deber de cuidado, y responsabilidad, surgía del deber general impuesto en el Art. 1802, ante. Por tal razón, entendemos que la norma implantada en *López Rodríguez v. Delama*, ante, se circunscribe a aquellos casos *en que el deber de cuidado quebrantado por el coempleado constituye un incumplimiento personal de una obligación proveniente del Art. 1802 del Código Civil, ante.*" *Rivera et al. v. Superior Pkg., Inc. et al.*, supra, p. 139. (Bastardillas en el original.)

Además, expresamos que el propósito de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, *supra*, no fue transferir de un empleado a otro la responsabilidad por un accidente del trabajo. *Rivera et al. v. Superior Pkg., Inc. et al.*, supra, p. 143. Resolver lo contrario implicaría imponerle a un coempleado la obligación de responder por la violación de un deber compensado mediante las primas al Fondo.

En vista de lo anterior, forzoso es concluir que el Tribunal de Circuito de Apelaciones incidió al aplicar lo resuelto en *López Rodríguez v. Delama*, supra, a la presente situación. Dicho caso es claramente distinguible por cuanto el vehículo accidentado pertenecía al coempleado, no al patrono; la aseguradora demandada era la del coempleado en su carácter personal, no la del patrono; la responsabilidad del coempleado para con la demandante surgió al amparo del artículo 1802, *supra,* no en el descargo de los deberes de su puesto.

En *Admor v. F.S.E. v. Flores Hnos. Cement Prods.*, supra, al igual que en el presente caso, la póliza excluyó de cubierta los accidentes compensables bajo la Ley del Sistema de Compensaciones por Accidentes del Trabajo, *supra*. En dicho caso, la controversia era si el causante del daño puede traer como tercera demandada a la aseguradora de un patrono cubierto para que indemnice al obrero lesionado o si, por el contrario, la aseguradora puede levantar como defensa la inmunidad patronal consagrada en el artículo 20 de la referida ley. Allí resolvimos que, ante la inexistencia de una causa de acción contra el patrono asegurado, la aseguradora de éste tampoco puede responder.

Bajo el estado de derecho actual, el demandante en el presente caso está impedido de demandar en daños y perjuicios al Municipio, directa o indirectamente, e independientemente de que el Sr. De Jesús —conductor del vehículo municipal—

hubiese incurrido en negligencia en ocasión del accidente. El Municipio es un patrono asegurado que goza de inmunidad patronal, en virtud de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, *supra*. Conforme a la normativa antes enunciada, no existe causa de acción alguna contra el Municipio. En cuyo caso, tampoco existe contra Universal, por cuanto ésta no va a responder por lo que en derecho es inexistente. Véase, *Admor. F.S.E. v. Flores Hnos. Cement Prods,* supra, p. 794.

El Tribunal de Circuito de Apelaciones también incidió al fundarse en lo resuelto en *Pérez Escolar v. Collado*, 90 D.P.R. 806 (1964), para concluir que la cláusula de asegurado adicional (Sec. II(A) (1) de la póliza en cuestión) convirtió al Sr. De Jesús en un asegurado adicional de Universal.

Dicho caso es claramente distinguible a los hechos ante nuestra consideración. Allí, el Sr. Pérez Escolar y el Sr. Collado —ambos empleados de la Autoridad de Fuentes Fluviales de Puerto Rico— acudieron a una reunión oficial en el Barrio Monacillos de Río Piedras en el automóvil del primero. Terminada la reunión y de regreso a sus hogares en Ponce tuvieron un accidente. Surge de los hechos que en dirección a Ponce se detuvieron para cenar y tomar algunas cervezas. El Sr. Collado conducía el vehículo al momento del accidente. Como secuela de este incidente, se destrozó el automóvil y ambos sufrieron lesiones corporales de gravedad.

El Sr. Pérez Escolar —dueño del vehículo— demandó al Sr. Collado y a la aseguradora del vehículo, en virtud de la cláusula de asegurado adicional. Resolvimos a favor del demandante bajo el principio de que toda persona que ocasione un daño está obligada a responder por el mismo. Concluimos, además, que no aplica la inmunidad que establece la Ley del Sistema de Compensaciones por Accidentes del Trabajo, *supra*, porque allí el asegurado principal era el Sr. Pérez Escolar, no el patrono. Sobre el particular expresamos que "la [cláusula de] exclusión en cuanto a [un] co-empleado del mismo patrono[,] por estar el riesgo cubierto por el seguro obrero, no opera en una situación como ésta, en la cual, el asegurado es un co-empleado y no el propio patrono." *Pérez Escolar v. Collado*, supra, p. 810.

El foro apelativo erró al aplicar la cláusula de asegurado adicional y al concluir que Universal es solidariamente responsable al demandante por los alegados daños causados por el Sr. De Jesús. El Sr. De Jesús no es un asegurado adicional cubierto bajo la póliza en cuestión. Como señaláramos anteriormente, estamos ante un accidente del trabajo. En virtud de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, *supra*, tanto el Municipio como Universal gozan de inmunidad frente a este tipo de reclamaciones.

En vista de lo anterior, y expedido previamente el auto de certiorari, revocamos la parte de la sentencia del Tribunal de Circuito de Apelaciones que determina que el demandante tiene una causa de acción contra Universal. Dictaminamos, además, que la póliza de seguro emitida por Universal no cubre al codemandado Sr. De Jesús. Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos en armonía con lo aquí dispuesto.

Se dictará sentencia de conformidad.

BALTASAR CORRADA DEL RÍO
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Miguel A. Guzmán Acevedo y Otros

    Recurridos

        v.                     CC-2000-390       Certiorari

Javier De Jesús Rivera;
Universal Insurance Company

    Peticionario el último

SENTENCIA

San Juan, Puerto Rico, a 16 de octubre de 2001.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, revocamos la parte de la sentencia del Tribunal de Circuito de Apelaciones que determina que el demandante tiene una causa de acción contra Universal. Dictaminamos, además, que la póliza de seguro emitida por Universal no cubre al codemandado Sr. De Jesús. Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos en armonía con lo aquí dispuesto.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri concurre con el resultado con opinión escrita. El Juez Asociado señor Hernández Denton concurre con el resultado sin opinión escrita.

                    **Isabel Llompart Zeno**
                   **Secretaria del Tribunal Supremo**

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Miguel A. Guzmán Acevedo
Y Otros

     Recurridos

         v.                        CC-2000-390     Certiorari

Javier De Jesús Rivera,
Universal Insurance Company

     Peticionario el último

Opinión Concurrente emitida por el Juez Asociado SEÑOR FUSTER BERLINGERI.

San Juan, Puerto Rico, a 16 de octubre de 2001.

Concurro con el **resultado** al que llega la mayoría del Tribunal en el caso de autos. Conforme a los hechos de este caso, se trata realmente de una situación bastante **ordinaria** cobijada por la norma de inmunidad patronal, que no amerita emitir una opinión del Tribunal para "pautar" lo que está trillado en derecho.

En esencia, aquí tenemos un empleado de un patrono asegurado que **en horas laborables y en el curso de su empleo** sufrió un accidente del trabajo. Por razón de ello, luego **recibió tratamiento en el Fondo del Seguro del Estado.** No cabe duda alguna que en el caso de autos, el empleado estaba realizando precisamente las labores para las cuales había sido

contratado por su patrono cuando ocurrió el accidente. Es evidente que por ello el Fondo del Seguro del Estado optó por **no subrogarse** en los derechos que tiene un empleado para demandar cuando hay un tercero responsable de sus daños, al amparo del Art. 31 de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, según enmendada, 11 L.P.R.A. sec. 32, (en adelante la Ley).

A la luz de estos hechos, claramente aplicaba aquí la **exclusión** de la póliza de seguro de automóvil que tenía el patrono, que expresamente disponía que dicha póliza **no cubre** lesiones que surgen de accidentes del trabajo como el de autos, y que están comprendidos dentro del sistema que administra el Fondo del Seguro del Estado. Es decir, a la luz de los hechos particulares de este caso, referidos en el párrafo anterior, es incuestionable que el remedio **exclusivo** a favor del empleado es el establecido en el Art. 20 de la Ley; 11 L.P.R.A. sec. 21. <u>Torres Solis v. A.E.E.</u>, 136 D.P.R. 302 (1994); <u>F.S.E. v. Flores Hnos.</u>, 107 D.P.R. 789 (1978).

Es por los hechos particulares referidos antes que tampoco aplica aquí la normativa establecida en <u>López Rodríguez v. Delama</u>, 102 D.P.R. 254 (1974) y su secuela. **Distinto hubiese sido si el accidente en cuestión hubiese ocurrido fuera del curso ordinario de trabajo del empleado lesionado, en cuyo caso la negligencia del co-empleado sí hubiese creado una causa de acción a favor del lesionado**, con arreglo a <u>López Rodríguez v. Delama</u>, <u>Id</u>.

En resumen, pues, como los hechos particulares del caso de autos configuran claramente la situación ordinaria y común de la inmunidad patronal, no me parece necesario intentar pautar aclaraciones y distinciones entre este caso y los que válidamente pueden surgir al amparo de la normativa de <u>López Rodríguez v. Delama</u>, <u>supra</u>, como lo hace la mayoría del Tribunal en su opinión aquí. Tales distinciones, sobre todo si no reflejan precisamente lo que resolvimos en <u>López Rodríguez v. Delama</u>, <u>supra</u>, y sus medulares fundamentos, pueden dar lugar a complicar innecesariamente el asunto y así provocar pleitos innecesarios en el futuro. Es por ello que sólo concurro en el resultado al que llega la mayoría del Tribunal en el caso de autos.


Jaime B. Fuster Berlingeri
Juez Asociado