El Juez Asociado Señor Rebollo López
emitió la opinión del Tribunal.
Luis D. López Cotto era técnico automotriz en la tienda Western Auto del centro comercial Santa María Plaza. El baño del taller de mecánica del referido negocio se prestaba para que los empleados practicaran bromas, puesto que la cerradura se encontraba en el exterior de la puerta. Así, los empleados solían encerrar a sus compañeros de trabajo en dicho baño. Alegadamente, López Cotto, entre otras personas, había notificado a la gerencia sobre la situación, pero nada se hizo al respecto.
El 21 de noviembre de 2003, empleados de Western Auto, alegadamente entre ellos un supervisor, decidieron gastarle una broma a López Cotto. Una vez éste entró al baño, sus compañeros de trabajo atravesaron un tubo y una cadena por la cerradura exterior de la puerta y colocaron una caja de herramientas frente a ella, encerrando de esta manera a López Cotto en el baño. Durante aproximadamente siete minutos López Cotto solicitó que lo dejaran salir del baño; como respuesta, sus compañeros le vaciaron el contenido de un extintor de fuego por debajo de la puerta. Cuando López pudo salir, le notificó a la supervisora de turno, Sra. Lucía Nieves, lo sucedido.
Como consecuencia de estos hechos, López Cotto fue hospitalizado. Fue referido a la Corporación del Fondo del Seguro del Estado (CFSE), donde recibió tratamiento médico a manera de descanso, diagnosticándosele daño pulmonar permanente y desorden de estrés postraumático (post-traumatic stress disorder).
*189 Al momento de los hechos, Western Auto era un patrono asegurado al amparo de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, Ley Núm. 45 de 18 de abril de 1935, según enmendada, 11 L.P.R.A. sec. 1 et seq. (Ley). Mediante Resolución de 16 de julio de 2004 y notificada el 9 de septiembre de 2004, el Administrador de la CFSE catalogó el incidente como un “accidente de trabajo” y ordenó la compensación correspondiente según la Ley.
En el entretanto, el 17 de noviembre de 2004, la Sra. Jessica Meletiche Hernández, en su carácter personal y como parte de la Sociedad Legal de Gananciales compuesta por ella y López Cotto, presentó una demanda por daños y perjuicios ante la Sala Superior de Bayamón del Tribunal de Primera Instancia contra Western Auto. En ella reclamó una compensación por los daños experimentados como consecuencia del incidente de 21 de noviembre de 2003. Los emplazamientos se expidieron el mismo día cuando se presentó la demanda.
El 6 de junio de 2005 —fuera del término de seis meses de expedidos los emplazamientos— la parte demandante solicitó del Tribunal de Primera Instancia una prórroga de sesenta días para diligenciar los emplazamientos. La razón que adujo para justificar su demora en emplazar a la parte demandada fue que, alegadamente, no había recibido una notificación final y firme sobre la determinación del Administrador de la CFSE, lo cual constituía un detalle crucial para saber si debía retar dicha determinación;(1) añadió que, al no contar con dicha resolución final y firme, no podía determinar si debía incluir a López como demandante. Según una certificación que emitió la CFSE el 22 de junio de 2005, la notificación de la resolución de la CFSE de 9 de septiembre de 2004 se había enviado a una dirección incorrecta.
El 7 de julio de 2005, la parte demandante presentó una demanda enmendada. En ella se incluyó a López como de *190 mandante y, por primera vez, se alegó que la CFSE había errado en su determinación de que lo ocurrido el 21 de septiembre de 2003 configuraba un “accidente de trabajo” compensable según la Ley. No se expidieron nuevos emplazamientos. Concedida la prórroga antes mencionada por el Tribunal de Primera Instancia, la parte demandante finalmente emplazó a Western Auto el 8 de julio de 2005 con los emplazamientos originales, pero utilizando una copia de la demanda enmendada.
El 28 de julio de 2005, Western Auto presentó una moción de desestimación de la demanda al amparo de las disposiciones de la Regla 10.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III.(2) En dicha moción levantó su inmunidad como patrono asegurado al amparo de la Ley, la cual provee exclusividad de remedio para el obrero accidentado en el transcurso de su empleo; además, planteó que el Tribunal de Primera Instancia no debió haber prorrogado el término para emplazar, puesto que la parte demandante solicitó dicha prórroga fuera del término de seis meses de haber sido emitidos los emplazamientos en contravención con la Regla 4.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Puntualizó, además, que la razón que expuso la parte demandante para justificar la prórroga no constituía justa causa según la Regla 4.3, supra. Finalmente alegó que la causa de acción de López estaba prescrita.
El Tribunal de Primera Instancia declaró No Ha Lugar la moción de desestimación presentada por la parte demandada. Dicho foro judicial entendió que la parte de *191 mandante podría tener una causa de acción —esto es, que los hechos alegados podrían constituir actuaciones intencionales por parte de Western Auto— y que, por tal razón, era preciso que se dilucidara el asunto en sus méritos; añadió que tenía entera discreción a la hora de considerar si existía justa causa para prorrogar el término del emplazamiento, aún después de pasados los seis meses que dispone la Regla 4.3 de Procedimiento Civil, supra. En cuanto al planteamiento de que la acción de López estaba prescrita, concluyó que según la Regla 13.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, al enmendarse la demanda para incluir a López, dicha reclamación se retrotrajo a la fecha original de la presentación de la demanda por parte de la señora Meletiche y la Sociedad Legal de Gananciales compuesta por ellos.
Inconforme, Western Auto acudió vía certiorari ante el Tribunal de Apelaciones y adujo que el Tribunal de Primera Instancia había errado al
... (1) determinar que existía justa causa para conceder una prórroga para el diligenciamiento de los emplazamientos a[u]n cuando la misma fue solicitada transcurrido el término de seis (6) meses dispuesto en la Regla 4.3(b) de Procedimiento Civil ....
... (2) no desestimar la demanda enmendada aun cuando Western Auto está cobijada por la inmunidad patronal dispuesta [en la Ley] ....
... (3) no desestimar la reclamación de López no empece la misma estar prescrita. Petición de certiorari ante el Tribunal de Apelaciones, pág. 91.
El Tribunal de Apelaciones revocó al tribunal de instancia. Determinó el foro apelativo intermedio que los hechos alegados en la demanda no derrotan la inmunidad patronal establecida en la Ley. Entendió que el señor López Cotto, su esposa y la Sociedad Legal de Gananciales en cuestión, no pueden acudir a los tribunales a cuestionar la inmunidad patronal, luego de aceptar la decisión de la CFSE y recibir sus beneficios. Entendió además que, a lo sumo, los hechos alegados constituyen una negligencia crasa, lo cual no derrota la inmunidad patronal. Al así re *192 solver, no entró a discutir los errores señalados por Western Auto respecto al emplazamiento tardío y a la prescripción de la reclamación del señor López Cotto.
La parte demandante acudió ante este Tribunal —mediante una petición de certiorari— para aducir que el Tribunal de Apelaciones erró al desestimar la demanda contra Western Auto. Formuló los errores siguientes:
... (1) determinar que Western Auto tiene inmunidad de toda posible causa de acción;
... (2) determinar que la parte peticionaria está impedida de presentar una causa de acción en contra de Western Auto por sus actos intencionales después de ésta haber recibido los beneficios de la CFSE y,
... (3) al hacer una determinación de falta de intención en el abstracto, sin tan siquiera permitir que se celebrara un descubrimiento de prueba, ni llevar a cabo una vista evidenciaría en el Tribunal de Primera Instancia en la que la peticionaria pudiera demostrar la intencionalidad de los actos de Western Auto. Petición de certiorari, págs. 5-6.
Le concedimos a la parte recurrida el término de veinte días para que mostrara causa por la cual no debíamos ex-pedir el auto solicitado y dictar una sentencia modificatoria de la emitida por el Tribunal de Apelaciones para reinstalar la causa de acción de la señora Meletiche. Contando con la comparecencia de las partes, procedemos a resolver.
I
La Ley provee ciertos remedios en beneficio de los obreros que durante el curso del empleo sufran alguna lesión, accidente o enfermedad. A estos fines, la Ley establece un seguro compulsorio al cual se tienen que acoger los patronos para así proveerles a sus empleados un sistema expedito y eficiente en caso de que éstos se accidenten o se lesionen durante el transcurso del empleo. También, provee una compensación en caso de que el obrero muera a raíz de un accidente en el empleo. A estos efectos, la See. 3 de la Ley, 11 L.P.R.A. see. 3, establece los benefi *193 cios a los cuales tiene derecho el obrero accidentado o lesionado, así como los requisitos para cualificar para dichos beneficios y la manera como habrá de recibirlos una vez cualifica.
El propósito de la Ley es proteger al obrero. Partiendo de la premisa de que el patrono está debidamente asegurado, la Ley provee un mecanismo mediante el cual el obrero que sufre un accidente en el transcurso de su empleo puede recobrar beneficios de forma rápida y certera. De esta manera, cuando el obrero acude a la CFSE no está obligado a probar culpa o negligencia como condición para recibir la compensación. Por razones de política pública, la Ley crea un contrato social
... que consiste en el acomodo justo y equitativo de los intereses de patronos y empleados, donde ambos reciben importantes beneficios a cambio del libre ejercicio de sus derechos o prerrogativas tradicionales. Los trabajadores ceden en cierta medida su derecho a demandar a su patrono a cambio de un beneficio que puede eventualmente resultar menor, pero que es uno seguro, inmediato y cierto. 11 L.P.R.A. sec. la.
Es por esta razón que la política pública del Estado Libre Asociado de Puerto Rico (ELA) continúa favoreciendo la responsabilidad única que promulga la Ley. A tales efectos, el Art. 21 de la Ley, 11 L.P.R.A. sec. 22, dis-pone que “cuando el patrono asegure a sus obreros y empleados ... el derecho aquí establecido para obtener compensación será el único remedio disponible”. (Énfasis suplido.) Por ende, la ley crea una inmunidad patronal absoluta, lo cual significa que el obrero accidentado o lesionado no puede demandar a su patrono por daños y perjuicios sin importar el grado de negligencia atribuible a éste. Véanse: Nieves v. F.S.E., 163 D.P.R. 76 (2004); Sevilla v. Municipio Toa Alta, 159 D.P.R. 684 (2003); Toro v. Policía, 159 D.P.R. 339 (2003); Guzmán y otros v. De Jesús, 155 D.P.R. 296 (2001); Hernández v. Bermúdez Longo, S.E., 149 D.P.R. 543 (1999); Cátala v. F.S.E., 148 D.P.R. 94 (1999).
Más aún, el obrero que se acoge a los beneficios de *194 la CFSE elimina la posibilidad de entablar una causa de acción por daños y perjuicios contra su patrono. Dicho de otro modo, no se trata de una defensa personal que tiene el patrono contra las reclamaciones por daños y perjuicios que insten sus empleados accidentados, sino que hay una inexistencia total de una causa de acción contra el patrono por los “accidentes de trabajo” que el CFSE compensa. Admor. F.S.E. v. Flores Hnos. Cement Prods., 107 D.P.R. 789 (1978).
Sin embargo, la Ley y sus beneficios no siempre se activan. Existen varias excepciones que impiden que un obrero recobre al amparo de la Ley, teniendo entonces disponible una acción por daños y perjuicios contra su patrono. Por ejemplo, hemos resuelto que los actos intencionales del patrono que le causen daño a un empleado no son compensables según la Ley. Soc. de Gananciales v. Royal Bank de P.R., 145 D.P.R. 178 (1998); Odriozola v. S. Cosmetic Dist. Corp., 116 D.P.R. 485 (1985). “En este supuesto, la posible conducta ilegítima —y en algunos contextos posible conducta delictiva— [del patrono] no está inmune de una reclamación ordinaria de daños, ya que tal actuación no puede ser razonablemente considerada como una actuación vinculada al desempeño normal del empleo.” Soc. de Gananciales v. Royal Bank de P.R., supra, pág. 196. Las disposiciones de la Ley tampoco le aplican al patrono no asegurado o que se encuentre atrasado en el pago de las primas. La See. 4 de la Ley, 11 L.P.R.A. see. 5, enumera específicamente los accidentes exceptuados:
No son accidentes compensables del trabajo y no darán por consiguiente, derecho a compensación al obrero o empleado o a sus beneficiarios de acuerdo con este capítulo, los que ocurren en las siguientes circunstancias:
(1) Al tratar el obrero o empleado de cometer un delito o de lesionar a su patrono o a cualquier otra persona, o cuando voluntariamente se causare la lesión.
(2) Estando el obrero o empleado embriagado, siempre que la embriaguez fuere la causa del accidente.
(3) Cuando la imprudencia temeraria del obrero o empleado haya sido la única causa de la lesión.
*195 Hemos expresado en reiteradas ocasiones que para que el patrono pueda levantar exitosamente la defensa de inmunidad tiene que existir un nexo causal entre el accidente y el empleo. Alonso García v. Comisión Industrial, 102 D.P.R. 689 (1974). Más específicamente, un accidente es compensable al amparo de las disposiciones de la Ley cuando: (a) provenga de cualquier acto o función del obrero; (b) sea inherente al trabajo o empleo del obrero, y (c) ocurra en el curso de éste. El requisito de que el accidente ocurra como consecuencia de ejecutar una función inherente al empleo, significa que la lesión ocurra mientras el empleado u obrero realiza las labores normales de su puesto. Cátala v. F.S.E., supra; Admor., F.S.E. v. Comisión Industrial, 101 D.P.R. 56 (1973).
II
En el caso no está en controversia el hecho de que el patrono Western Auto era un “patrono asegurado” de acuerdo con la Ley. Un examen de los hechos que surgen del expediente del caso demuestran que, a lo sumo, lo único que se le puede imputar al mencionado patrono, en relación con el incidente acaecido, es haber sido negligente al no haber corregido la situación de la cerradura del baño a pesar de haber sido, alegadamente, apercibido de ella con anterioridad a los hechos. En esta clase de situaciones, de ordinario, el obrero no tiene causa de acción alguna contra su patrono. El argumento de los demandantes peticionarios —a los efectos de que López Cotto fue víctima de un acto intencional del patrono— es totalmente inmeritorio. Como expresáramos, lo más que se le puede imputar a Western Auto es que fue negligente.
Ahora bien, en la demanda presentada los demandantes alegan, “en la alternativa”, que Western Auto es responsable por los actos intencionales de los compañeros de López Cotto. No tienen razón. En cuanto a este tema en específico, el comentarista Larson sostiene que cuando *196 la persona que intencionalmente lesiona al empleado no es el patrono, en su capacidad personal o una persona que es alter ego del patrono o de la corporación —en cuyas situaciones se le puede atribuir al patrono la intencionalidad de la actuación de esas personas— sino un mero empleado o supervisor, no procede la acción por daños contra el patrono por los actos cometidos por sus empleados. 6 Larson’s, The Law of Workmen’s Compensation pág. 103-134.4 (2006).
Ill
Por último, nos resta determinar si la esposa de López Cotto —la codemandante Jessica Meletiche Hernández— está o no impedida de demandar por daños y perjuicios a Western Auto en relación con los hechos ocurridos el 21 de noviembre de 2003.
A pesar de que en el pasado intimamos que no a dicha interrogante, nunca la hemos resuelto en forma directa y específica. En Cortijo Walker v. Fuentes Fluviales, 91 D.P.R. 574, 578 (1964) —caso en el que estaba en controversia la procedencia de una demanda en daños y perjuicios, presentada por unos hermanos de un obrero fallecido en un accidente de trabajo, contra el patrono asegurado— al determinar que la demanda no procedía en derecho, debido a la inmunidad patronal que cobijaba al patrono, expresamos que:
Bajo el régimen de nuestro estatuto de Compensaciones por Accidentes del Trabajo, está aquí decidido que el obrero o empleado lesionado o sus beneficiarios, no pueden exigir resarcimiento al patrono bajo las normas de responsabilidad del derecho común, en nuestro caso, del Código Civil. La compensación que da el estatuto es el único resarcimiento del obrero o sus beneficiarios en cuanto a su patrono, siempre que el caso esté dentro del ámbito de la Ley. (Énfasis suplido.)
En Guzmán y otros v. De Jesús, supra, este Tribunal resolvió que la esposa y los hijos de un obrero lesio *197 nado en un accidente del trabajo que éste sufriera, no tienen causa de acción contra la compañía aseguradora del patrono asegurado —a pesar de las disposiciones del Art. 20.030 del Código de Seguros, 26 L.P.R.A. see. 2003, que establece la “acción directa” en nuestra jurisdicción contra una compañía aseguradora— por razón de que la inmunidad patronal que cobija al patrono se extiende a su compañía aseguradora. Esto es, de manera indirecta, resolvimos en Guzmán y otros v. De Jesús, ante, que la esposa del obrero accidentado no tiene causa de acción contra el patrono asegurado.
Por otro lado, y en términos generales, reiteradamente hemos expresado que según “el estado actual del derecho vigente no existe duda de que la exclusividad de remedio establecida en el Art. 20, supra, es una de carácter absoluto que crea una inmunidad legal a favor de un patrono asegurado contra el ejercicio de cualquier otra acción', en otras palabras, no existe causa de acción alguna”. (Énfasis suplido.) Admor. F.S.E. v. Flores Hnos. Cement Prods., 107 D.P.R. 789 (1978). Véanse: Cruz Rodríguez v. A.A.A., 101 D.P.R. 269, 270 (1973); B.C.R. Co., Inc. v. Tribunal Superior, 100 D.P.R. 754, 758 (1972); Vda. de Andino v. A.F.F., 93 D.P.R. 170, 181 (1966); Cortijo Walker v. Fuentes Fluviales, 91 D.P.R. 574, 578 (1964); Montes v. Fondo del Seguro del Estado, 87 D.P.R. 199, 208 (1963); Báez Vega v. E.L.A., 87 D.P.R. 67, 76 (1963); De Jesús v. Osorio, 65 D.P.R. 640, 643 (1946).
Creemos que permitir la acción de daños de la esposa, en esta clase de situaciones, derrotaría el propósito o la intención que tuvo el legislador al aprobar la Ley de Compensaciones por Accidentes del Trabajo, cual fue la de establecer un seguro compulsorio, obligatorio para los patronos, que protege a los obreros pero que, a cambio de ello, constituye el único remedio procedente contra el patrono. Por consiguiente, resolvemos que resulta improcedente en derecho, como consecuencia directa de la inmunidad patronal, la acción por daños presentada por la esposa de un *198 obrero contra su patrono en relación con un accidente del trabajo sufrido por dicho obrero.(3)

Procede, en consecuencia, confirmar la sentencia emitida en este caso por el Tribunal de Apelaciones.
(4)

Se dictará sentencia de conformidad.

El Juez Asociado Señor Fuster Berlingeri emitió una opinión disidente. La Juez Asociada Señora Rodríguez Rodríguez concurrió con el resultado por entender que el Tribunal de Primera Instancia actuó sin jurisdicción al autorizar el emplazamiento de la parte demandada, por haber transcurrido el término de seis meses desde que fueron expedidos los emplazamientos sin que se solicitara un prórroga para emplazar, razón por la cual la demanda debió ser desestimada.

 Valga aclarar que de la propia faz de la demanda surge que la parte demandante conocía sobre la determinación de la Corporación del Fondo del Seguro del Estado (CFSE), la cual calificó el incidente como un “accidente en el empleo”.

 Dicha regla dispone:
“Toda defensa de hechos o de derecho contra una reclamación en cualquier alegación, ya sea demanda, reconvención, demanda contra coparte, o demanda contra tercero, se expondrá en la alegación respondiente que se haga a las mismas, en caso de que se requiera dicha alegación respondiente, excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable.” 32 L.P.R.A. Ap. Ill, R. 10.2.

 Larson opina igual al especificar que no existe la causa de acción para el cónyuge del empleado lesionado si la lesión ocurre dentro del marco de la ley. 6 Larson’s The Law of Workmen’s Compensation, págs. 100-1, 1001-1 y 101-2 (2006).

 Nos hemos abstenido de discutir el señalamiento de error sobre lo tardío del emplazamiento, debido a que es norma reiterada en nuestro ordenamiento que “los tribunales tienen discreción para prorrogar el término provisto para diligenciar el emplazamiento por un período razonable, aun expirado el plazo de seis (6) meses, siempre y cuando la parte que lo solicita demuestre justa causa para ello y no haya abuso de discreción por parte del tribunal”. (Énfasis en el original.) First Bank of P.R. v. Inmob. Nac., Inc., 144 D.P.R. 901, 914 (1998).Véase Banco Metropolitano v. Berríos, 110 D.P.R. 721 (1981).